

SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-13-498

| | | |
|---|---|---|
| | | **Opinion Delivered** September 5, 2013 |
| ARTHUR LEE NEWTON | APPELLANT | PRO SE MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF [LEE COUNTY CIRCUIT COURT, 39CV-13-59, HON. L.T. SIMES, JUDGE] |
| v. | | |
| STATE OF ARKANSAS | APPELLEE | |
| | | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2011, appellant Arthur Lee Newton was found guilty by a jury in the Drew County Circuit Court of sexual indecency with a child and sexual assault in the second degree. He was sentenced to an aggregate term of 288 months' imprisonment. The Arkansas Court of Appeals affirmed. *Newton v. State*, 2012 Ark. App. 91.

In 2013, appellant filed in the Lee County Circuit Court in the county where he was incarcerated a pro se petition for postconviction relief. The petition was correctly docketed as a civil matter inasmuch as appellant was not convicted in that county of the offenses being challenged in the petition. In the petition, appellant alleged that his trial was flawed on the grounds that he was not afforded effective assistance of counsel, that the prosecutor improperly asked leading questions when examining a witness, and that he was made to sign a form acknowledging that he was a sex offender before he was convicted. The petition was denied, and appellant lodged an appeal in this court from the order.

Now before us is appellant's pro se motion for extension of time to file his brief-in-chief. As it is clear from the record that appellant could not prevail on appeal, we dismiss the appeal.

The motion is moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Watson v. State*, 2012 Ark. 27 (per curiam); *Riddell v. State*, 2012 Ark. 11 (per curiam).

The circuit court in this case did not have jurisdiction to consider the petition for postconviction relief. In Arkansas, claims for postconviction relief are properly raised under Arkansas Rule of Criminal Procedure 37.1 in a petition filed in the court where the judgment of conviction was entered. Ark. R. Crim. P. 37.1(a)(iv) (2011). Even though appellant did not label his petition as a petition under Rule 37.1, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule, Rule 37.1.[1] *Holliday v. State*, 2013 Ark. 47 (per curiam); *Evans v. State*, 2012 Ark. 375 (per curiam).

Here, appellant filed his petition in the circuit court located in the county where he was in custody; thus, he filed his petition in a court without jurisdiction to consider his claims.

Appeal dismissed; motion moot.

*Arthur Lee Newton*, pro se appellant.

No response.

---

[1] The petition also contained allegations concerning the prosecutor's questioning of the witness and trial error that were a direct attack on the judgment that should have been raised in the trial court at the time of trial. Trial error is a matter for the trial court to address. *See Nickelson v. State*, 2013 Ark. 252 (per curiam).