
# SUPREME COURT OF ARKANSAS

**No.** CR-13-268

| | |
|---|---|
| TIMOTHY W. HARRIS<br>PETITIONER<br><br>v.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** October 10, 2013<br><br>PRO SE MOTION FOR BELATED APPEAL [PULASKI COUNTY CIRCUIT COURT, 60CR-07-4972, HON. LEON JOHNSON, JUDGE]<br><br><br>MOTION DENIED. |

**PER CURIAM**

In 2009, judgment was entered reflecting that petitioner Timothy W. Harris had been found guilty of two counts of aggravated robbery and two counts of Class B felony theft of property, as well as employing a firearm while committing the crimes. He was sentenced to an aggregate term of 504 months' imprisonment. The Arkansas Court of Appeals affirmed. *Harris v. State*, 2010 Ark. App. 448. The mandate was issued on June 15, 2010.

On August 27, 2010, seventy-three days after the mandate was issued, petitioner filed in the trial court a pro se petition for relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). In the petition, petitioner contended that he had not been afforded effective assistance of counsel and that the enhancement of his sentence was in error. On October 30, 2012, the trial court denied the petition on the ground that it was untimely filed. Petitioner did not file a timely notice of appeal from the order as required by Arkansas Rule of Appellate Procedure–Criminal 2(a)(4) (2012), and he now seeks leave to proceed with a belated appeal.

We need not consider the merits of the motion for belated appeal because it is clear

from the record that petitioner could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). In this case, the trial court did not have jurisdiction to consider petitioner's Rule 37.1 petition because the petition was not timely filed.

Pursuant to Arkansas Rule of Criminal Procedure 37.2(c), when there was an appeal from a judgment of conviction, a petition for relief must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if the petition is not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *Holliday*, 2013 Ark. 47; *Bates*, 2012 Ark. 394; *Talley v. State*, 2012 Ark. 314 (per curiam). The petition before the trial court was not timely filed, and, thus, the trial court had no jurisdiction to grant the relief sought. Where the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *Holliday*, 2013 Ark. 47; *Winnett v. State*, 2012 Ark. 404 (per curiam); *Martin*, 2012 Ark. 312.

Motion denied.