SLIP OPINION

Cite as 2014 Ark. 243

# SUPREME COURT OF ARKANSAS

No. CR-12-582

| | |
|---|---|
| VINCENT M. COOPER<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered**   May 22, 2014<br><br>PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO. 46CR-02-119]<br><br>HONORABLE KIRK JOHNSON, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 2003, appellant Vincent M. Cooper was found guilty by a jury in the Miller County Circuit Court of aggravated and attempted robbery. The Arkansas Court of Appeals reversed the judgment of conviction and remanded the matter for retrial on the ground that the circuit court erred in admitting a taped statement of the mother of appellant's child. *Cooper v. State*, CR-03-542 (Ark. App. Apr. 14, 2004) (unpublished) (original docket no. CACR 03-542). Appellant was again found guilty on retrial and was sentenced to an aggregate term of 360 months' imprisonment. The Arkansas Court of Appeals affirmed. *Cooper v. State*, CR-05-818 (Ark. App. Mar. 1, 2006) (unpublished) (original docket no. CACR 05-818). Appellant subsequently pursued various unsuccessful postconviction remedies.[1]

---

[1]*See Cooper v. State*, CR-05-453 (Ark. Mar. 16, 2006) (unpublished per curiam) (original docket no. CR 05-453) (pro se appeal from partial denial of habeas-corpus petition denied); *Cooper v. State*, CR-06-1422 (Ark. Jan. 18, 2007) (unpublished per curiam) (original docket no. CR 06-1422) (pro se motion for belated appeal from order denying postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2005) denied); *Cooper v. State*, 2010 Ark. 471 (per curiam) (pro se petition to reinvest jurisdiction in the trial court to consider error-coram-nobis petition denied); *Cooper v. State*, 2012 Ark. 123 (per curiam) (pro se appeal from

In 2011, appellant filed in the Miller County Circuit Court a pro se petition for writ of certiorari in which he raised a number of claims challenging the judgment-and-commitment order entered in his criminal case and also requested scientific testing of items admitted into evidence by the State during his trial. The circuit court denied the petition on the grounds that it lacked jurisdiction to issue a writ of certiorari in a case on which it had originally presided and that the issues raised in the petition had already been settled by the court of appeals and by this court on direct appeal and in appellant's other pursuits of postconviction relief. Appellant now brings this appeal.

Regardless of the label placed on it by appellant, the petition filed in the circuit court was a request for postconviction relief and was properly treated as such by the circuit court. *See Mhoon v. State*, 369 Ark. 134, 251 S.W.3d 244 (2007) ("[C]ourts should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek."). We will not reverse a circuit court's decision granting or denying postconviction relief unless that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. We find no error and affirm.

While appellant's arguments on appeal are convoluted and somewhat intertwined, they can be delineated as follows: appellant's due-process rights were violated because two jurors with

---

order denying petition for scientific testing of evidence pursuant to Act 1780 of 2001 dismissed); *Cooper v. State*, 2013 Ark. 180 (per curiam) (pro se appeal from order denying successive petition for scientific testing of evidence pursuant to Act 1780 of 2001 dismissed).

knowledge of appellant and of the case served on the jury; the prosecution engaged in prosecutorial misconduct when it allowed the jury to examine and handle evidence at appellant's first trial, and, as a result, the evidence was contaminated; testimony of Officer Jody Stubbs was inadmissible and insufficient to establish appellant's identity as the perpetrator of the crimes charged; an affidavit of appellant's former cell mate, Keith Moore, in which Moore implicated another individual as the perpetrator of the crimes for which appellant was convicted, constituted newly-discovered evidence and raised a material issue regarding appellant's actual innocence; and Moore's affidavit was sufficient to support an order for scientific testing of a jacket, mask, and candy-cane ornament,[2] which were discovered during the investigation of the crime.[3]

Appellant's claims are barred by the law-of-the-case doctrine. On direct appeal, the court of appeals addressed appellant's claim regarding the sufficiency of the evidence establishing his identity as the perpetrator of the crimes charged. *See Cooper*, CR-05-818. Likewise, appellant's remaining claims regarding contaminated evidence, prosecutorial misconduct, admissibility and sufficiency of Officer Stubbs's testimony, juror bias, Moore's affidavit, as well as appellant's request for scientific testing of evidence, were addressed by this court in appellant's numerous

---

[2]Testimony at trial indicated that appellant was apprehended by Officer Stubbs near a convenience store on February 17, 2002. A red-and-blue plaid jacket, a white sheet with eye holes cut out as if for a mask, and a piece of plastic pipe described as a "yard ornament candy cane" were found on the ledge of a nearby dumpster. Two days earlier, Officer Stubbs received information on an aggravated robbery of the same convenience store, including a description of the perpetrator as a black male wearing a white mask and a red-and-blue plaid jacket.

[3]All allegations made below but not raised on appeal are considered abandoned. *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam); *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam).

SLIP OPINION

requests for postconviction relief. *See Cooper*, 2013 Ark. 180; *Cooper*, 2012 Ark. 123; *Cooper*, 2010 Ark. 471. Where the merits of a claim were addressed and adjudicated in a prior appellate decision, that issue is settled and may not be revisited in a subsequent appeal. *Strong v. Hobbs*, 2013 Ark. 376 (per curiam).

To the extent that appellant raised in the petition below any new claims within the purview of Arkansas Rule of Criminal Procedure 37.1 (2005), which were not previously addressed by this court, Rule 37.2(b) does not permit a second petition for postconviction relief unless the first such petition was specifically denied without prejudice to filing a subsequent petition. As such, the circuit court's denial of relief on those claims was not clearly erroneous.

To the extent that appellant raises any new allegations on appeal that were not raised below, we decline to address those allegations as they are not preserved for appellate review. *See Breeden v. State*, 2014 Ark. 159, ___ S.W.3d ___ (per curiam).

Affirmed.

*Vincent M. Cooper*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.