SLIP OPINION

Cite as 2014 Ark. 258

# SUPREME COURT OF ARKANSAS

No. CR-14-299

| | | |
|---|---|---|
| RALPH PRUITT | | Opinion Delivered May 29, 2014 |
| | APPELLANT | |
| V. | | PRO SE MOTIONS FOR BELATED APPEAL OF ORDER AND FOR APPOINTMENT OF COUNSEL |
| STATE OF ARKANSAS | | |
| | APPELLEE | MOTIONS DENIED. |

## PER CURIAM

In 2012, appellant Ralph Pruitt was found guilty by a jury of sexual indecency with a minor and two counts of rape. An aggregate sentence of 480 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *See Pruitt v. State*, 2013 Ark. App. 128. The court of appeals' mandate was issued on April 16, 2013.

On June 19, 2013, sixty-four days after the mandate was issued, appellant filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). The petition was denied on the ground it was not timely filed. No appeal was taken, and petitioner now seeks leave to proceed with a belated appeal of the June 19, 2013 order. He also asks that counsel be appointed to represent him.

We need not consider the grounds contained in the motion for belated appeal because it is clear from the record that appellant could not prevail if he were permitted to proceed with an appeal. *See Harris v. State*, 2013 Ark. 408 (per curiam). An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward when it is clear

that the appellant could not succeed. *See Williams v. State*, 2014 Ark. 70 (per curiam).

While the order that denied the June 19, 2013 petition refers to a prior petition that was timely filed May 23, 2013, the record filed with this motion for belated appeal does not contain a copy of that first petition nor the order that denied it. The court notes that the May 23, 2013 petition was denied because it did not conform to the requirements of Rule 37.1(b). There is no mention that the court granted leave for the petitioner to submit an amended petition that conformed to Rule 37.1(b) or that it otherwise authorized petitioner to file a second petition.

Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. If a first petition under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. *See Young v. State*, 2013 Ark. 513 (per curiam).

The only order at issue with respect to the motion for belated appeal that is before us is the Rule 37.1 petition filed June 19, 2013, which was not timely filed. As the petition was not timely filed, appellant was entitled to no relief under the Rule with respect to that petition. Pursuant to Arkansas Rule of Criminal Procedure 37.2(c), when there was an appeal from a judgment of conviction, a petition for relief must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature and, if the petition is not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *See Holliday v. State*, 2013

Ark. 47 (per curiam). The June 19, 2013 petition was not filed within the sixty-day period and, thus, the trial court had no jurisdiction to grant the relief sought. When the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *See Engram v. State*, 2013 Ark. 424, ___ S.W.3d ___.

Motions denied.

*Ralph Pruitt*, pro se appellant.

No response.