

# SUPREME COURT OF ARKANSAS

No. CR-14-399

| | | |
|---|---|---|
| DAMONT EWELLS | | Opinion Delivered September 4, 2014 |
| | APPELLANT | |
| | | PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF AND FOR COPY OF RECORD |
| V. | | [GARLAND COUNTY CIRCUIT COURT, NO. 26CR-06-141] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2007, appellant Damont Ewells was found guilty by a jury of two counts of possession of a controlled substance with intent to deliver and sentenced as a habitual offender to an aggregate term of 756 months' imprisonment. The Arkansas Court of Appeals affirmed. *Ewells v. State*, 2010 Ark. App. 43.

In 2010, appellant filed in the trial court a verified, timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007). The petition was denied. Appellant lodged an appeal here, which was dismissed on the grounds that it was clear from the record that appellant could not succeed on appeal if the appeal were permitted to go forward. *Ewells v. State*, 2010 Ark. 407 (per curiam).

On January 16, 2014, appellant filed a second Rule 37.1 petition. The trial court dismissed it on the ground that it was not timely filed. Appellant lodged an appeal from the

SLIP OPINION

order, and he now seeks an extension of time to file his brief-in-chief and a copy of the record. We need not consider the grounds contained in the motions because the record reflects that the January 16, 2014 petition was indeed untimely filed. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward when it is clear that the appellant could not prevail. *Williams v. State*, 2014 Ark. 70 (per curiam).

Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. If a first petition under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. *See Cooper v. State*, 2014 Ark. 243 (per curiam). Moreover, pursuant to Arkansas Rule of Criminal Procedure 37.2(c), when there was an appeal from a judgment of conviction, a petition for relief must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if the petition is not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *Holliday v. State*, 2013 Ark. 47 (per curiam). The January 16, 2014 petition was not filed within the sixty-day period; thus, the trial court had no jurisdiction to grant the relief sought. When the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *Pruitt v. State*, 2014 Ark. 258 (per curiam).

Appellant urged the trial court in the January 16, 2014 petition to permit him to proceed again under the Rule on the ground that *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, ___ U.S. ___, 132 S. Ct. 1309 (2012), permitted him to proceed again

because he did not have the assistance of counsel when he filed his original petition for postconviction relief. The *Martinez* Court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise a claim that his trial attorney was not effective under the Sixth Amendment, the prisoner's failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal judge from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or that attorney was ineffective and if the petition filed in the state court had a meritorious claim. In *Trevino*, the Court extended its holding in *Martinez* to cases in which a state's procedural framework make it unlikely in a typical case that a defendant would have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal.

Here, appellant's Rule 37.1 petition was denied on jurisdictional grounds, not procedural grounds. Under Rule 37.1, in the form applicable to appellant's case, once a trial court determines that a petition is untimely, the petition must be disposed of on jurisdictional grounds. *See Nooner v. State*, 2013 Ark. 317 (per curiam). Accordingly, once the trial court concluded that appellant's request for postconviction relief was untimely filed, it was bound to do no more than declare it untimely and not rule on the merits. *Green v. State*, 2013 Ark. 190 (per curiam). *Martinez* does not require a trial court to rule on the merits of a petition when it lacks jurisdiction to do so. As the trial court did not have jurisdiction to act on the merits of the Rule 37.1 petition, this court does not have jurisdiction in the matter, and appellant could not prevail on appeal.

Appeal dismissed; motions moot.
*Damont Ewells*, pro se appellant.
No response.

3