SLIP OPINION

Cite as 2014 Ark. 538

# SUPREME COURT OF ARKANSAS

No. CR-14-15

| | | |
|---|---|---|
| ARTHUR LEE NEWTON | | **Opinion Delivered** December 18, 2014 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-10-155] |
| STATE OF ARKANSAS | | HONORABLE SAM POPE, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

## PER CURIAM

In 2011, appellant Arthur Lee Newton was found guilty by a jury in the Drew County Circuit Court of sexual indecency with a child and sexual assault in the second degree. He was sentenced to an aggregate term of 288 months' imprisonment. The Arkansas Court of Appeals affirmed. *Newton v. State*, 2012 Ark. App. 91. The mandate issued on February 15, 2012.

On July 9, 2012, appellant filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). In the petition, appellant alleged that he was entitled to relief because trial counsel was ineffective based on the failure to call a key witness to testify, the victim's statements were coerced, the prosecuting attorney examined the victim at trial with regard to her prior statement, and he was made to sign a "Sex Offender Acknowledgment Form" before he was found guilty of the charged crimes. The trial court dismissed the petition with prejudice based on a finding that it was untimely, and appellant did not appeal the order.

Subsequently, appellant, while incarcerated in a facility in Lee County, filed in the Lee

SLIP OPINION

County Circuit Court a second pro se petition for postconviction relief, and the circuit court denied the petition. Appellant lodged an appeal here, and we dismissed the appeal on the ground that it was clear from the record that appellant could not succeed if the appeal were permitted to go forward as the circuit court did not have jurisdiction to consider the petition. *Newton v. State*, 2013 Ark. 320 (per curiam).

On September 20, 2013, appellant filed in the trial court a third pro se petition for postconviction relief in which he made substantially the same allegations as he raised in his first postconviction petition, namely that he was entitled to relief because counsel was ineffective in failing to call key witnesses to testify, the victim's statement was coerced, the prosecuting attorney engaged in leading questions during his examination of the victim at trial, he was made to sign a "Sex Offender Acknowledgment Form" before the jury found him guilty of the charged offenses, and the jury was made aware that he had signed the acknowledgment form. Appellant also seemed to allege that his first petition was untimely because he had been ill and was in the infirmary. Considering the petition to be an application for relief pursuant to Rule 37.1, the trial court denied and dismissed the petition. In its order, the trial court, recognizing that it had previously found that the first Rule 37.1 petition was untimely, found that appellant could not file a subsequent petition for postconviction relief when a Rule 37.1 petition alleging essentially the same claims had already been denied as being untimely. Appellant lodged an appeal from that order.

On appeal, appellant contends that he is entitled to postconviction relief because his trial attorney failed to call key witnesses to testify and allowed the prosecuting attorney to badger a

witness at trial. Appellant also alleges, as he did in his petition, that he failed to timely file his first petition because he had been ill and was in the infirmary. Appellant contends for the first time on appeal that the untimely filing of his first petition should be excused based on ineffective assistance of counsel during "initial-review collateral proceedings" because, after his conviction was affirmed, his attorney told him that he had no other "options" and abandoned him. Because arguments raised for the first time on appeal could not have been considered by the lower court, they will not be addressed by this court. *Hill v. State*, 2014 Ark. 420 (per curiam); *Green v. State*, 2013 Ark. 455 (per curiam).

Appellant's claim of ineffective assistance of counsel is cognizable under our postconviction rule, Rule 37.1.[1] A petition that states a claim for postconviction relief cognizable under Rule 37.1 is governed by that rule regardless of the label placed on it by a petitioner. *Ussery v. State*, 2014 Ark. 186 (per curiam); *Newton*, 2013 Ark. 320. Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. If a first petition under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. *Ewells v. State*, 2014 Ark. 351, 439 S.W.3d 667 (per curiam); *Cooper v. State*, 2013 Ark. 243 (per curiam). Moreover, pursuant to Arkansas Rule of Criminal Procedure 37.2(c), when there was an appeal from a judgment of conviction, a petition for relief must be filed in the trial court

---

[1]The remaining claims alleged in the petition were allegations of trial error, and such allegations should have been raised in the trial court at the time of trial. Trial error is a matter for the trial court to address. *See Nickelson v. State*, 2013 Ark. 252 (per curiam).

within sixty days of the date that the mandate was issued by the appellate court. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if the petition is not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *Ewells*, 2014 Ark. 351, 439 S.W.3d 667. A petitioner, even one proceeding pro se, must conform to the prevailing rules of procedure. *See Tarry v. State*, 346 Ark. 267, 57 S.W.3d 163 (2001). Here, appellant's first petition was dismissed as untimely with prejudice, and appellant did not appeal that order. Subsequently, the September 20, 2013 petition was likewise untimely as it was not filed within the sixty-day period; thus, the trial court had no jurisdiction to grant the relief sought. When the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *Pruitt v. State*, 2014 Ark. 258 (per curiam).

To the extent that appellant is seeking appointment of counsel for the appeal, postconviction matters are considered civil in nature, and there is no absolute right to appointment of counsel. *Anthony v. State*, 2014 Ark. 195 (per curiam). We have held that, if an appellant makes a substantial showing that he is entitled to relief in a postconviction appeal and that he cannot proceed without counsel, we will appoint counsel. *Evans v. State*, 2014 Ark. 6. Here, because the trial court did not have jurisdiction to act on the merits of the petition and this court does not have jurisdiction in the matter, appellant cannot meet his burden of establishing that he is entitled to appointment of counsel.

Affirmed.

*Arthur Lee Newton*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.