SLIP OPINION

Cite as 2015 Ark. 368

# SUPREME COURT OF ARKANSAS

No. CR-15-8

| | | |
|---|---|---|
| NICKARLOS A. BANKS | | **Opinion Delivered** October 8, 2015 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE PULASKI |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 60CR-11-4092] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRISTOPHER |
| | | CHARLES PIAZZA, JUDGE |
| | | |
| | | <u>APPEAL DISMISSED</u>. |

**PER CURIAM**

On October 12, 2012, appellant Nickarlos Banks pled guilty to four counts of aggravated robbery and theft of property and was sentenced to an aggregate term of 480 months' imprisonment. On November 4, 2013, Banks filed in the trial court a verified, untimely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012).[1] The petition was dismissed as untimely, and no appeal was lodged.

On September 29, 2014, Banks filed a motion to withdraw guilty plea and set aside judgment. The trial court treated the petition as a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 and denied relief.[2] Banks lodged an appeal from the

---

[1]On August 13, 2012, Banks was found guilty by a jury of aggravated robbery and theft of property in Pulaski County Circuit Court case number 60CR-11-4458 and sentenced to 600 months' imprisonment. Banks filed his first Rule 37 petition under both case numbers, 60CR-11-4458, and 60CR-11-4092, the second case number being the one before this court presently.

[2]The order denying relief referred to the November 4, 2013, Rule 37.1 petition and an amended petition filed on May 15, 2014, a copy of which was not included in the record before this court.

order. Even though Banks did not label his petition under Rule 37.1, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule, Rule 37.1. *See Newton v. State*, 2014 Ark. 538, at 3, 453 S.W.3d 125, 127 (per curiam). We have held that an untimely filed motion to withdraw guilty plea under Rule 26.1(a) is properly treated as a petition for postconviction relief pursuant to Rule 37.1. *Webb v. State*, 365 Ark. 22, 223 S.W.3d 796 (2006). An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward when it is clear that the appellant could not prevail. *Williams v. State*, 2014 Ark. 70 (per curiam).

Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. If a first petition under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. *See Cooper v. State*, 2014 Ark. 243 (per curiam).

Moreover, even if Banks had not already proceeded under the Rule and filed an unauthorized second petition for postconviction relief under Rule 37.2(b), the petition filed September 29, 2014, was not timely filed. Under Rule 37.2(c)(i), when judgment is entered on a plea of guilty, or if there was no appeal from a judgment or order that could have been appealed, any petition for relief must be filed in the trial court within ninety days of the date that the judgment or order was entered. The time limitations imposed in the Rule are jurisdictional in nature. *See Engram v. State*, 2013 Ark. 424, 430 S.W.3d 82. Here, Banks's first petition was dismissed as untimely, and Banks did not appeal that order. Consequently, the unauthorized

second petition filed on September 29, 2014, was likewise untimely, as it was not filed within the ninety-day period; thus, the trial court had no jurisdiction to grant the relief sought. When the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *Pruitt v. State*, 2014 Ark. 258 (per curiam).

Appeal dismissed.

*Nickarlos A Banks*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.