SLIP OPINION

Cite as 2015 Ark. 471

# SUPREME COURT OF ARKANSAS

No. CR-15-648

| | | |
|---|---|---|
| ANTHONY TOOMBS | | **Opinion Delivered** December 10, 2015 |
| | APPELLANT | |
| V. | | PRO SE MOTIONS FOR EXTENSION OF BRIEF TIME [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-12-3263] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JAMES LEON JOHNSON, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

On July 18, 2013, appellant Anthony Toombs was found guilty by a jury of first-degree murder and being a felon in possession of a firearm. He was sentenced as a habitual offender to an aggregate term of 660 months' imprisonment.[1] The judgment was entered of record on July 30, 2013.

On the day the judgment was entered, Toombs filed two pro se motions in the trial court—a motion to dismiss counsel and a motion to suppress a statement that Toombs had given to a police investigator. The trial court treated the two motions as one pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013) and denied the relief sought in an order entered August 13, 2013, and an amended order entered October 24, 2013. No appeal was taken from the orders. An appeal from the judgment of

---

[1]The sentences imposed for both offenses were enhanced for use of a firearm.

conviction was taken, however, and on February 11, 2015, the Arkansas Court of Appeals affirmed the judgment. *Toombs v. State*, 2015 Ark. App. 71.[2]

On April 27, 2015, Toombs filed in the trial court a pro se petition for relief under Rule 37.1. Toombs repeated some of the claims of ineffective assistance of counsel that he raised in his 2013 motion to dismiss counsel and raised additional allegations for the first time. The trial court entered an order on July 1, 2015, denying the 2015 petition on the ground that Toombs had already proceeded with a request for postconviction relief and, thus, he was not entitled to a second proceeding. Toombs has lodged an appeal in this court from the July 1, 2015 order. Now before us are his two motions seeking an extension of time to file his brief-in-chief.

Because we find that appellant could not prevail if the appeal were allowed to go forward, we dismiss the appeal, and the motions for extension of brief time are moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to proceed when it is clear that the appellant could not prevail. *See Williams v. State*, 2014 Ark. 70 (per curiam).

This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and

---

[2]In its decision, the court of appeals also remanded the matter to the trial court with instructions to correct the judgment to show that Toombs had been sentenced as a habitual offender. The amended judgment was entered March 10, 2015.

firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. If a first petition that is considered under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. *Ewells v. State*, 2014 Ark. 351, 439 S.W.3d 667 (per curiam).

Appeal dismissed; motions moot.

HART, J., dissents.