Josephine Linker Hart, Justice, dissenting. .The circuit court’s — and the majority’s— disposition of this case does not comport with the dictates 'of Rule 37.3 of the Arkansas Rules of Criminal Procedure. Therefore, I respectfully dissent. Wood pleaded guilty and accepted the maximum sentence of thirty years’ imprisonment. Wood was then denied postcon-viction relief without a hearing. Under Rule 37.3(a), this disposition is available only if “the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief.” Thus, the burden is on the circuit court to determine whether it is conclusively shown that the petitioner is not entitled 112to relief. In this case, summary disposition was improper. This is not a situation in which Wood’s petition was untimely, see, e.g., Newton v. State, 2014 Ark. 538, 453 S.W.3d 125, or one in which his claims were not cognizable under Rule 37, see, e.g., Stewart v. State, 2014 Ark. 419, 443 S.W.3d 538. As the majority notes,'Wood alleged in his petition seven different reasons why his counsel was ineffective. The preprinted Rule 37 petition form — which Wood used — listed grounds A through N to support postconviction relief under Rule 37. Wood tied the allegations of his trial counsel’s deficiencies to three of the grounds specified on the preprinted form: (E) Prosecutorial Misconduct; (M) Denial of Right of Appeal; (N) Mental Incompetence. My particular focus is on Wood’s assertions related to his claim that he suffered from posttraumatic stress disorder (“PTSD”). In response to Wood’s claims, the majority first states that the crime with which Wood was charged does not require a requisite intent. The majority misconstrues the law. Gaines v. State, 354 Ark. 89,118 S.W.3d 102 (2003) and Arkansas Code Annotated section 5-14-124 (Supp. 2011) show only that .a defendant may not raise a consent and a mistake-of-age defense. Moreover, the focus is not whether Wood had PTSD at the time of the crime, but whether his PTSD impacted his decision to plead guilty. The question to be answered is whether there is a reasonable probability that, but for counsel’s errors, Wood would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The majority further notes that Wood stated at the guilty-plea hearing that the PTSD did not affect his thought process. While the majority engages in fact-finding unsupported 113by any evidence, surely the majority does not seriously mean to suggest that if Wood was affected by PTSD at the guilty-plea hearing, that he, as a non-expert, would be cognizant of it and completely aware of the disease’s full effect at the time of the guilty-plea hearing. The majority states that Wood has failed to point to specific evidence that he was not competent to enter a guilty plea. The statement he made in open court regarding PTSD, however, constitutes specific evidence. The record does suggest that he is a 100 percent disabled veteran, which brings into question the propriety of the circuit court’s — and this court’s — cavalier attitude concerning Wood’s PTSD claim. Thus, at a minimum, a review of his medical record is warranted, and a hearing is therefore necessary. The majority further asserts that Wood did not allege that, but for defense counsel’s alleged errors, he would not have entered a guilty plea. While Wood did not assert in thaumaturgical word-by-word on his preprinted petition form that, but for his trial counsel’s ineffectiveness, he would not have pleaded guilty, his entire focus on his attorney’s conduct can be explained by the preprinted form itself. That form makes no provision for such an assertion— the form is optimized for ineffectiveness claims arising from deficient performance at trial. Nonetheless, this should not be fatal to Wood’s position. A similar defect did not prevent this court from ordering an evidentiary hearing in Beverage v. State, 2015 Ark. 112, 458 S.W.3d 243, a case handed down earlier this year. As this court did in Beverage, I would reverse and remand this case for an evidentiary hearing. Moreover, before the circuit court denied Wood’s petition for postcon-viction relief, it had before it pleadings in which Wood made that allegation. The circuit court attempted to justify this finding almost two months |uafter denying Wood’s petition when it further ruled that it would not consider the pleadings that it had before it at the time that it denied the petition, even though those pleadings contain the language the majority now finds dispositive. This may be process, but it is not due process. Thus, I respectfully dissent.