Cite as 2022 Ark. App. 180

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-21-192

|  |  |
|---|---|
| BRANDON WESTBROOK | **Opinion Delivered** April 20, 2022 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | [NO. 60CR-11-1138] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | DISMISSED |

## WAYMOND M. BROWN, Judge

Appellant Brandon Westbrook was found guilty by a jury of two counts of first-degree murder and one count of attempted first-degree murder. He was sentenced as a habitual offender to forty-five years' imprisonment. Westbrook's convictions were affirmed on direct appeal.[1]

On May 5, 2016, Westbrook filed in the circuit court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 alleging ineffective assistance of counsel, trial error stemming from the circuit court's exclusion of certain testimony, and violations of his Sixth, Eighth, and Fourteenth Amendment rights. Without leave of the court,[2] Westbrook filed an

---

[1] *See Westbrook v. State*, 2016 Ark. App. 77, 482 S.W.3d 731.

[2] Ark. R. Crim. P. 37.2(e) provides that a petitioner may not amend an original petition without leave of the circuit court.

amended petition seeking postconviction relief on June 3. Following a lengthy delay,[3] on July 28, 2020, the State filed a response to Westbrook's Rule 37 petition, and an evidentiary hearing on the petition was ultimately held on December 5. At the hearing, Westbrook declined to present any argument to support his grounds for relief and failed to provide witnesses to demonstrate the alleged prejudice or trial errors. The circuit court entered an order denying Westbrook's request for postconviction relief on February 25, 2021. From that order, Westbrook appeals.

On appeal, Westbrook argues that the circuit court abused its discretion by failing to appoint counsel to represent him at the Rule 37 evidentiary hearing and that the circuit court erred by failing to enter sufficient findings of fact and conclusions of law in its order denying him postconviction relief.

Pursuant to Arkansas Rule of Criminal Procedure 37.2(c), when there was an appeal from a judgment of conviction, a petition for relief must be filed in the circuit court within sixty days of the date the mandate was issued by the circuit court. The time limitations imposed in Rule 37 are jurisdictional in nature, and if the petition is not filed within that time period, a circuit court lacks jurisdiction to grant postconviction relief.[4] When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction.[5]

Here, Westbrook appealed his judgment of conviction. This court affirmed the convictions on direct appeal, and the mandate was issued on February 23, 2016. Westbrook filed his initial

---

[3]The record is unclear as to why the case remained pending for four years.

[4]*Holliday v. State*, 2013 Ark. 47 (per curiam).

[5]*Pruitt v. State*, 2014 Ark. 258 (per curiam).

postconviction petition on May 5, seventy-two days after the mandate was issued by this court. His amended petition was filed on June 3, 101 days following issuance of the mandate. Furthermore, Westbrook's petitions do not contain the notarized statement required under Arkansas Rule of Criminal Procedure 37.2(g) in order to claim the benefit of the "prison mailbox rule" that deems an incarcerated inmate's Rule 37 petition filed on the date it is deposited in the prison facility's legal-mail system. Because neither of Westbrook's Rule 37 petitions was filed within the sixty-day timeframe, both petitions were untimely, and the circuit court was without jurisdiction to consider his request for postconviction relief.

Accordingly, we do not reach the merits of Westbrook's petition and must dismiss the appeal for lack of jurisdiction.

Dismissed.

BARRETT and VAUGHT, JJ., agree.

*Craig Lambert*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.