Cite as 2025 Ark. App. 75

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-23-435

| | | |
|---|---|---|
| DURELL BARNUM | | Opinion Delivered February 12, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| V. | | [NO. 23CR-18-1015] |
| | | |
| STATE OF ARKANSAS | | HONORABLE DAVID M. CLARK, |
| | APPELLEE | JUDGE |
| | | |
| | | DISMISSED |

### ROBERT J. GLADWIN, Judge

Appellant Durell Barnum was found guilty of the rape of a minor by a Faulkner County jury and sentenced to forty years' imprisonment. Barnum's conviction was affirmed by this court on direct appeal, s*ee Barnum v. State*, 2020 Ark. App. 523, 614 S.W.3d 453, and the mandate issued on February 18, 2021. Barnum filed his petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2023) in the circuit court on April 20, 2021—sixty-one days after this court's mandate. The circuit court denied Barnum's petition, and from that order Barnum appeals. We dismiss for lack of jurisdiction.

### I. *Background Facts*

Barnum filed his pro se petition for postconviction relief in the circuit court alleging that (1) his trial counsel failed to file a rape-shield motion seeking introduction of evidence that the victim made previous allegations of rape; (2) his trial counsel failed to properly cross-

examine a witness regarding telephone conversations she had with the victim and a detective; (3) his trial counsel failed to serve a proper subpoena on Investigator Tollece Sutter, which deprived him of crucial trial testimony; and (4) the prosecutor committed misconduct during closing arguments when she asked jurors to use their common sense to define an element of the offense and to "abide by [a] moral standard" rather than a "legal one." Subsequently, Barnum filed an amended postconviction petition—with permission from the circuit court— adding that his trial counsel failed to adequately investigate the case and failed to call family, friends, community members, and rehabilitation workers to testify during the sentencing phase of the trial.[1]

On January 10, 2023, Barnum petitioned the Arkansas Supreme Court for a writ of mandamus, asserting that the circuit court had failed to timely rule on his petition. In response, the circuit court entered an order on March 13, 2023, denying Barnum's petition. This appeal followed.

## II. *Discussion*

On appeal, Barnum contends that he received ineffective assistance of counsel at trial because (1) his trial counsel failed to pursue a rape-shield motion concerning false accusations of rape made by the victim, and (2) his trial counsel failed to serve a proper subpoena on Investigator Sutter; thus, he was deprived of crucial trial testimony. Barnum

---

[1]The amended petition was filed without a page two, and it was confirmed by the Faulkner County circuit clerk that it did not receive the missing page of the amended petition.

has abandoned the other claims he made in his postconviction petition before the circuit court, acknowledging that he sought to elicit inadmissible hearsay and that his claims for prosecutorial misconduct are not cognizable in postconviction proceedings.

In response, the State argues that this appeal should be dismissed because Barnum's Rule 37 petition was not filed within sixty days of the date the mandate was issued by this court, and furthermore, that Barnum cannot receive the benefit of the "prison mailbox rule" because his petition lacked a notarized statement that he timely deposited it in the prison facility's mail system. We agree.

Pursuant to Arkansas Rule of Criminal Procedure 37.2(c)(ii) (2023), when there is an appeal from a judgment of conviction, a petition for relief must be filed in the circuit court within sixty days of the date the mandate was issued by the appellate court. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and if the petition is not filed within that time period, a circuit court lacks jurisdiction to grant postconviction relief. *Holliday v. State*, 2013 Ark. 47 (per curiam). When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Pruitt v. State*, 2014 Ark. 258 (per curiam).

Here, Barnum appealed his judgment of conviction; the conviction was affirmed on direct appeal; and the mandate issued on February 18, 2021. Barnum filed his postconviction petition on April 20, sixty-one days after the mandate was issued by this court. His amended petition was filed on March 22, 2022. Furthermore, Barnum's petitions do not contain the notarized statement required under Arkansas Rule of Criminal Procedure 37.2(g) in order to claim the benefit of the "prison mailbox rule" that deems an incarcerated

3

inmate's Rule 37 petition filed on the date it is deposited in the prison facility's legal-mail system. Because neither of Barnum's Rule 37 petitions was filed within the sixty-day time frame, both petitions were untimely, and the circuit court was without jurisdiction to consider his request for postconviction relief. *See Hunt v. State*, CR-15-793, (Ark. Feb. 11, 2016) (unpublished per curiam) (explaining that the petitioner could not prevail on appeal when his Rule 37 petition was filed sixty-one days after this court issued its mandate in his direct appeal).

III. *Conclusion*

For the reasons stated above, we do not reach the merits of Barnum's petition and dismiss the appeal for lack of jurisdiction.

Dismissed.

ABRAMSON and THYER, JJ., agree.

*Durell Barnum*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for appellee.