

# SUPREME COURT OF ARKANSAS

**No.** CR–13–613

| | |
|---|---|
| TIMOTHY L. SMITH<br>APPELLANT | **Opinion Delivered**  October 24, 2013<br><br>APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION [JEFFERSON COUNTY CIRCUIT COURT, 35CR-10-126, HON. JODIE RAINES DENNIS, JUDGE] |
| v. | |
| STATE OF ARKANSAS<br>APPELLEE | MOTION GRANTED; APPEAL DISMISSED. |

**PER CURIAM**

On May 15, 2012, judgment was entered in the Jefferson County Circuit Court reflecting that appellant Timothy L. Smith had entered a negotiated plea of guilty to aggravated residential burglary, committing a terroristic act, aggravated assault, and aggravated robbery. An aggregate sentence of 180 months' imprisonment was imposed to be followed by an additional 72 months' suspended imposition of sentence. On March 4, 2013, appellant filed in the circuit court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). The petition was denied, and appellant lodged an appeal in this court from the order. Now before us is the appellee's motion to dismiss the appeal on the ground that the petition was not timely filed.

The motion is granted, as it is evident from the record that appellant could not succeed on appeal. This court will not permit an appeal from an order that denied a petition for postconviction relief to go forward where it is clear that the appellant could not prevail.

SLIP OPINION

*Murphy v. State*, 2013 Ark. 243 (per curiam).

Arkansas Rule of Criminal Procedure 37.2(c) requires that, where an appellant entered a plea of guilty, a petition must be filed within ninety days of the date of entry of judgment. Ark. R. Crim. P. 37.2(c)(i). Appellant filed his petition far outside the ninety-day period. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, a circuit court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The petition before the circuit court was not timely filed as to the judgment-and-commitment order; thus, the circuit court lacked jurisdiction to grant the relief sought. Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Nooner v. State*, 2013 Ark. 13 (per curiam).

Motion granted; appeal dismissed.

*Timothy L. Smith*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.