SLIP OPINION

Cite as 2014 Ark. 333

# SUPREME COURT OF ARKANSAS

No. CR–14–274

| | | |
|---|---|---|
| MICHAEL MULDROW | | Opinion Delivered July 31, 2014 |
| | APPELLANT | |
| | | APPELLANT'S PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF AND FOR APPOINTMENT OF COUNSEL [HEMPSTEAD COUNTY CIRCUIT COURT, NO. 29CR–12–257] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RANDY WRIGHT, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

On August 5, 2013, judgment was entered in the Hempstead County Circuit Court reflecting that appellant Michael Muldrow had entered a negotiated plea of guilty to first-degree murder. A sentence of 240 months' imprisonment was imposed, with an additional 120 months' suspended imposition of sentence.

On November 15, 2013, appellant filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The petition was dismissed on the ground that it was not timely filed, and appellant lodged an appeal in this court from the order. Now before us are appellant's motions for extension of time to file his brief-in-chief and for appointment of counsel. We dismiss the appeal, as it is evident from the record that appellant could not succeed on appeal. This court will not

SLIP OPINION

permit an appeal from an order that denied a petition for postconviction relief to go forward where it is clear that the appellant could not prevail. *Smith v. State*, 2013 Ark. 422 (per curiam); *Murphy v. State*, 2013 Ark. 243 (per curiam). The motions are rendered moot by the dismissal of the appeal.

Arkansas Rule of Criminal Procedure 37.2(c) requires that, when an appellant entered a plea of guilty, a petition under the Rule must be filed in the trial court within ninety days of the date of entry of judgment. Ark. R. Crim. P. 37.2(c)(i). Appellant filed his petition 102 days after the judgment had been entered. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, a trial court lacks jurisdiction to grant postconviction relief. *Ussery v. State*, 2014 Ark. 186 (per curiam); *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The petition before the trial court was not timely filed as to the judgment-and-commitment order; thus, the trial court court lacked jurisdiction to grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Green v. State*, 2014 Ark. 115 (per curiam).

Appeal dismissed; motions moot.

*Michael Muldrow*, pro se appellant.

No response.