SLIP OPINION

Cite as 2014 Ark. 335

# SUPREME COURT OF ARKANSAS

No. CR–14–390

| | |
|---|---|
| | **Opinion Delivered** July 31, 2014 |
| WILLIAM EARL ROBINSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | PRO SE APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-12-2206]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br>APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

On January 18, 2013, judgment was entered in the Pulaski County Circuit Court reflecting that appellant William Earl Robinson had entered a negotiated plea of guilty to negligent homicide. A sentence of 180 months' imprisonment was imposed.

On August 19, 2013, appellant filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The petition was dismissed on the ground that it was not timely filed, and appellant lodged an appeal in this court from the order. Now before us is appellant's motion for appointment of counsel. We dismiss the appeal, as it is evident from the record that appellant could not succeed on appeal. This court will not permit an appeal from an order that denied a petition for postconviction relief to go forward where it is clear that the appellant could not prevail. *Smith v. State*, 2013 Ark. 422 (per curiam); *Murphy v. State*, 2013 Ark. 243 (per curiam). The

motion is rendered moot by the dismissal of the appeal.

Arkansas Rule of Criminal Procedure 37.2(c) requires that, when an appellant entered a plea of guilty, a petition under the Rule must be filed in the trial court within ninety days of the date of entry of judgment. Ark. R. Crim. P. 37.2(c)(i). Appellant filed his petition 213 days after the judgment had been entered. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, a trial court lacks jurisdiction to grant postconviction relief. *Ussery v. State*, 2014 Ark. 186 (per curiam); *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The petition before the trial court was not timely filed as to the judgment-and-commitment order; thus, the trial court lacked jurisdiction to grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Green v. State*, 2014 Ark. 115 (per curiam).

Appeal dismissed; motion moot.

*William Earl Robinson*, pro se appellant.

No response.