

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–498

|  |  |
|---|---|
| | Opinion Delivered SEPTEMBER 9, 2015 |
| TIMOTHY WAYNE COX | APPEAL FROM THE |
| APPELLANT | INDEPENDENCE COUNTY CIRCUIT COURT [NO. CR-08-140] |
| V. | |
| | HONORABLE JOHN DAN KEMP, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Timothy Wayne Cox was convicted of raping a nine-year-old girl and was sentenced to forty years in prison. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the grounds that this appeal is wholly without merit.[1] The motion was accompanied by an abstract, brief, and addendum containing the adverse rulings and an explanation as to why each ruling is not a meritorious ground for reversal. Mr. Cox was provided with a copy of his counsel's brief and notified of his right to file a list of pro se points for reversal, and he has filed a list of points. Having reviewed the record before us, we conclude that this appeal is wholly without merit and affirm appellant's conviction.

---

[1]In a previous appeal we ordered rebriefing. *See Cox v. State*, 2015 Ark. App. 132. Appellant's counsel has now filed a brief conforming with our rules.

SLIP OPINION

The victim in this case was C.M. In August 2008, Mr. Cox was C.M.'s mother's boyfriend and they all lived together in the same house. The testimony showed that Mr. Cox was a father figure to C.M.

C.M. testified that one day in August 2008, when she was nine years old, she went fishing with Mr. Cox. According to C.M., during the fishing outing Mr. Cox started rubbing her thigh and then rubbed her private area. Then Mr. Cox undid C.M.'s pants and repeatedly tried to insert his penis into her vagina, which C.M. said was painful. After that Mr. Cox forced his penis into C.M.'s mouth. Mr. Cox also performed oral sex on C.M.

C.M. told a friend about being raped, and it was later brought to the attention of a school counselor. Upon being questioned by the counselor, C.M. went into detail about being sexually assaulted by Mr. Cox. C.M.'s mother confronted Mr. Cox with the rape allegation, and Mr. Cox said that he was sorry, that his life was over, and that he had a gun and "just needed to end it."

Dr. Robin Williams conducted a physical examination of C.M. a couple of weeks after the rape occurred. In taking a history from C.M., C.M. told Dr. Williams that Mr. Cox had put his penis in her mouth and vagina. C.M. further stated that since those events she had been in a lot of pelvic pain. Upon physical examination, Dr. Williams found healing abrasions and a rim around the vaginal area, which she described as very alarming. Dr. Williams testified that her findings were consistent with a sexual assault.

SLIP OPINION

Mr. Cox testified that he is a reservist in the military, and that after being charged with this offense he was twice deployed to Afghanistan. Mr. Cox maintained in his testimony that he never touched C.M. inappropriately.

Pursuant to Arkansas Code Annotated section 5-14-103(a)(3)(A) (Repl. 2013), a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. In testing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the State and affirm if the conviction was supported by substantial evidence. *Richey v. State*, 2013 Ark. App. 382.

In appellant's counsel's no-merit brief, counsel accurately asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting Mr. Cox's rape conviction. It is well established that the uncorroborated testimony of the victim alone is sufficient to support a rape conviction, *Vance v. State*, 2011 Ark. App. 413, and in this case C.M.'s testimony was substantial evidence supporting Mr. Cox's conviction.

The next adverse ruling addressed in appellant's counsel's brief pertains to the trial court's denial of Mr. Cox's motion to dismiss the rape charge for lack of a speedy trial. Rule 28.1(c) of the Arkansas Rules of Criminal Procedure provides:

> (c) Any defendant charged with an offense and held to bail, or otherwise lawfully set at liberty, including released from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Mr. Cox was charged with rape on September 9, 2008, but he was not brought to trial until February 20, 2014. This lengthy delay was the result of consecutive motions for continuances

by the defense, each of which was granted by the trial court, beginning on November 21, 2008. In Mr. Cox's motion to dismiss filed below, he correctly noted that some of these requested continuances were premised on his military deployment to Afghanistan and the Soldiers' and Sailors' Relief Act. Citing *Dotseth v. Justice Court, Tucson, Precinct No. One*, 427 P.2d 558 (Ariz. App. 1967), appellant argued in his motion to the trial court that the Soldiers' and Sailors' Relief Act had no application to criminal proceedings. Therefore, he argued that all of the continuances entered pursuant to the Act were of no effect and did not toll the twelve-month speedy-trial period.

The trial court properly denied appellant's motion to dismiss because the record and the court's docket showed that every continuance granted in the case was on the motion of the defendant. Rule 28.3(c) provides that the period of delay resulting from a continuance granted at the defendant's or his counsel's request is excluded for speedy-trial purposes. Therefore, whether the Soldiers' and Sailors' Relief Act actually applied to this case was of no consequence. Because the case was continued multiple times beginning on November 21, 2008, and extending through February 20, 2014, all at appellant's request, this entire time period was excludable for speedy-trial purposes and Mr. Cox was timely brought to trial. Appellant's counsel accurately states that any argument to the contrary would be without merit.

There were also three evidentiary rulings that were adverse to Mr. Cox, and Mr. Cox's counsel has provided an explanation as to why none of these rulings could support a meritorious appeal. Trial courts have broad discretion in deciding evidentiary issues, and their

rulings on the admissibility of evidence are not reversed on appeal absent an abuse of discretion. *Laswell v. State*, 2012 Ark. 201, 404 S.W.3d 818. Based on our review of the record, we conclude that none of these evidentiary rulings constituted reversible error and that none could form the basis for a merit appeal.

In Mr. Cox's pro se points he raises seven points for reversal. None of these points have merit and, to the extent they may be considered on appeal, appellant's counsel has addressed these in the no-merit brief.

Mr. Cox's first point challenges the trial court's limitation of his testimony as to the extent of the medals he earned during his military service. The trial court did not abuse its discretion in limiting appellant's testimony in this regard because these awards had little bearing on appellant's credibility and were not relevant to the guilt phase of the trial.

In Mr. Cox's second and third points, he asserts that a DHS interview from August 2008 should have been entered into evidence to show that the victim was a disingenuous person. However, this court does not consider matters outside the record, *Turner v. State*, 349 Ark. 715, 80 S.W.3d 382 (2002), and because this DHS report was not introduced into evidence it cannot be considered on appeal.

In Mr. Cox's fourth point he discusses Dr. Williams's testimony that her findings were consistent with sexual assault. As noted in his counsel's no-merit brief, this testimony was properly admitted because there were physical findings to support the doctor's opinion, *see Strong v. State*, 372 Ark. 404, 277 S.W.3d 159 (2008), and Arkansas Rule of Evidence 704 provides that opinion testimony that is otherwise admissible is not objectionable because it

embraces an ultimate issue to be decided by the trier of fact. Mr. Cox complains that an independent UAMS physical exam was not introduced into evidence to contradict Dr. Williams's findings, but as we previously stated we do not consider matters outside the record. *See Turner, supra.*

Mr. Cox's fifth point challenges the sufficiency of the evidence supporting his rape conviction, and in this point he references matters outside the record and claims that he was more credible than the victim. From the testimony presented, however, there was substantial evidence to support the jury's finding of guilt.

Finally, in appellant's sixth and seventh pro se points, he argues that he was not brought to trial within twelve months, that some of the continuances totaling more than twelve months should not have been excluded from calculation, and that he was denied a speedy trial. Mr. Cox is incorrect. The record and the trial court's docket clearly show that every continuance granted in this case was at the defendant's request and was therefore excluded for speedy-trial purposes. Mr. Cox was timely brought to trial under our applicable speedy-trial rules.

Based on our review of the record and the briefs presented, we conclude that there has been compliance with Rule 4–3(k)(1) and that this appeal is without merit. Consequently, appellant's counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed; motion granted.

WHITEAKER and VAUGHT, JJ., agree.

*John C. Burnett*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.