SLIP OPINION

Cite as 2016 Ark. 46

# SUPREME COURT OF ARKANSAS.

### No. CV–15–228

| | |
|---|---|
| THEODORE A. ANDERSON<br><div align=right>APPELLANT</div><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><div align=right>APPELLEE</div> | **Opinion Delivered** February 4, 2016<br><br>PRO SE MOTION FOR RULE ON CLERK [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV–14–89]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>MOTION DENIED</u>. |

## PER CURIAM

Appellant Theodore A. Anderson, an inmate incarcerated in the Arkansas Department of Correction, appealed the dismissal of his pro se petition for writ of habeas corpus by the Lincoln County Circuit Court, and, on November 5, 2015, this court affirmed. *Anderson v. Kelley*, 2015 Ark. 411, ___ S.W.3d ___ (per curiam). On December 11, 2015, Anderson tendered a belated petition for rehearing at the same time that he filed a pro se motion for rule on clerk. Under Arkansas Supreme Court Rule 2-3 (2015), a petition for rehearing must be filed within eighteen days of the date of the decision. In this case, the last day for filing such a petition was November 23, 2015. In his motion, Anderson contends that the petition should be filed even though it was tendered outside the deadline for filing because he placed a petition for rehearing in the mail prior to expiration of the deadline for filing. He asks this court to direct its clerk to file the belated petition for rehearing.

Anderson asserts that he received notification of this court's November 5 order on November 9, 2015, and that he placed his petition for rehearing in the prison unit mailbox on November 16, 2015. When he did not receive a file-marked copy within a period of time, he made an inquiry. Anderson received a response indicating that there was no record that the documents had ever been received and that the mandate had issued in the case. Anderson contends that the prison mailbox rule applies, citing to Arkansas Rule of Criminal Procedure 37.2 (2015).

Rule 37.2 now includes a provision under which a Rule 37.1 petition will be deemed filed on the date that an incarcerated inmate deposited his or her petition in the prison facility's legal mail system, provided the conditions that are set out in the rule have been satisfied. A similar provision is included in Arkansas Rule of Appellate Procedure–Criminal 2(b)(3) (2015) that allows an exception to the filing deadline, when certain conditions are met, for a notice of appeal of a judgment of conviction in circuit court or a circuit court order that denied postconviction relief under Rule 37. Anderson's procedural default does not come within the parameters of either rule. He urges this court to expand application of the prison mailbox rule.

Anderson would have us extend the prison mailbox rule to a petition for rehearing. Neither of the procedural rules adopting that rule applies to such a petition. Anderson makes no persuasive argument for permitting an extension to the deadline for filing petitions for rehearing. The considerations to grant an exception to the deadline for filing such petitions are far different from the exceptions currently recognized for other filing deadlines.

Moreover, the petition that Anderson seeks to have filed would not come under such an exception, even if applicable.

Motion denied.