
SLIP OPINION

Cite as 2016 Ark. 168

# SUPREME COURT OF ARKANSAS.
### No. CR–15–996

| | |
|---|---|
| LESTER LEE HENDRIX<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** April 14, 2016<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-12-938]<br><br>HONORABLE CHARLES E. CLAWSON, JR., JUDGE<br><br><u>APPEAL DISMISSED</u>. |

### PER CURIAM

In 2013, appellant Lester Lee Hendrix was found guilty in a bench trial of internet stalking of a child, a violation of Arkansas Code Annotated § 5-27-306 (Repl. 2013). He was sentenced to 240 months' imprisonment. The Arkansas Court of Appeals affirmed. *Hendrix v. State*, 2014 Ark. App. 696, 450 S.W.3d 692. Hendrix filed a petition for review in this court that was denied, and the mandate on the direct appeal was issued on February 5, 2015.

On April 2, 2015, which was fifty-six days after the court of appeals' mandate was issued, Hendrix was permitted by the circuit clerk to file in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). While Hendrix signed the petition, he did not sign the verification that is required by Rule 37.1(c).[1] On June 3, 2015, which was one-hundred-and-eight days after the mandate from

---

[1] Despite the fact that there is no signature on the verification, the verification form bears a notary's signature.

the direct appeal was issued, Hendrix submitted a letter to the circuit clerk in which he stated that he had recently learned that he failed to sign the verification and stating that he was enclosing a signed verification to be placed with the petition.

Although the original petition, which was filed by the clerk on April 2, 2015, was not properly verified, the trial court held a hearing on the petition and denied it. Hendrix brings this appeal.

We do not reach the merits of the appeal because the petition filed in the trial court was subject to dismissal because Hendrix did not comply with Rule 37.1(c). Rule 37.1(c) provides that the petition *shall be accompanied* by the petitioner's affidavit, sworn to a notary or other officer authorized by law to administer oaths, in substantially the following form:

> (c) The petitioner states under oath that (he) (she) has read the foregoing petition for postconviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge.
>
> _____
> Petitioner's signature
>
> Subscribed and sworn to before me the undersigned officer this \_\_\_ day of _____, _____.
>
>
> _____
> Notary or other officer
>
> (d) The circuit clerk *shall* not accept any petition that fails to comply with subsection (c) of this rule. The circuit court or any appellate court *shall* dismiss any petition that fails to comply with subsection (c)of this rule.

(Emphasis added.)

We have specifically held that the petitioner must sign the petition and execute the requisite affidavit or verification to comply with the verification requirement of Rule

37.1(c). *Bradley v. State*, 2015 Ark. 144, 459 S.W.3d 302. The verification requirement is of substantive importance to prevent perjury; and, for that purpose to be served, the petitioner must sign the petition and execute the requisite affidavit or verification. *Id.* Accordingly, we will dismiss an appeal if it arises from a Rule 37.1 proceeding in which the petition is not properly verified. *Id.*

As stated, when Hendrix filed his Rule 37.1 petition on April 2, 2015, it was not verified. Even if the signed verification submitted to the clerk on June 3, 2015, were to be considered, the fact remains that Hendrix did not file a properly verified petition within the time allowed by the Rule. If a petitioner under Rule 37.1 appealed the judgment of conviction in the case, a verified petition for postconviction relief must be filed in the circuit court within sixty days of the date the mandate was issued in accord with Arkansas Rule of Criminal Procedure 37.2(c)(ii) (2015). *Barrow v. State*, 2012 Ark. 197. The time requirements are mandatory, and when a petition under Rule 37.1 is not timely filed, a trial court shall not consider the merits of the petition. *See Hunt v. State*, 2016 Ark. 57 (per curiam).

Appeal dismissed.

*Lester Lee Hendrix*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.