SLIP OPINION

Cite as 2016 Ark. 461

# SUPREME COURT OF ARKANSAS.

No. CR–16–79

EDMOND MCCLINTON, JR.

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** December 15, 2016

PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT
[NO. 35CR-12-106]

HONORABLE JODI RAINES DENNIS, JUDGE

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

## PER CURIAM

Appellant Edmond McClinton, Jr. was convicted of raping a mentally handicapped, sixteen-year-old girl and was sentenced as a habitual offender to a term of life imprisonment. His conviction and sentence were affirmed by this court. *McClinton v. State*, 2015 Ark. 245, 464 S.W.3d 913, *cert. denied*, ___ U.S. ___, 136 S. Ct. 367 (2015). The mandate issued on July 23, 2015. On September 22, 2015, McClinton filed in the trial court a pro se petition under Arkansas Rule of Criminal Procedure 37.1 (2015) and motion for error coram nobis. On November 18, 2015, the trial court dismissed the petition for postconviction relief and coram-nobis relief, and McClinton lodged an appeal from the denial.

On appeal, McClinton contends that his postconviction petition was not untimely as the trial court held because the postmark on his petition indicates it was mailed on September 16, 2015, well before the September 21, 2016 due-date, and that the file-mark

of September 22, 2015, is a clerical error. He further contends he is entitled to coram-nobis relief because his conviction "rest[ed] upon errors of fact[,]" including that there was no evidence or signs of sexual intercourse; the police-evidence log did not have the DNA used at trial in its records; there was no probable cause supporting his arrest; evidence should have been suppressed; he did not have a preliminary hearing after his arrest; his counsel refused to argue various violations of his due-process rights and counsel was otherwise ineffective; and the jury "convicted [him] without burden of proof."

Rule 37.2(c) requires that, when an appeal was taken of the judgment of conviction, a petition under the Rule must be filed in the trial court within sixty days of the date the mandate is issued by the appellate court. Ark. R. Crim. P. 37.2(c)(ii); *see Hunt v. State*, 2016 Ark. 168 (per curiam) (Petitioner's Rule 37.1 petition was untimely filed on the sixty-first day after the mandate issued.). The time requirements are mandatory, and, when a petition under Rule 37.1 is not timely filed, a trial court shall not grant postconviction relief. *Hunt*, 2016 Ark. 168; *see Joslin v. State*, 2015 Ark. 328 (per curiam).

Although this court adopted limited implementation of the prison-mailbox rule through amendments to Rule 37 effective September 1, 2015, as McClinton indicates, a petition under Rule 37.1 is not deemed filed on the date an incarcerated inmate deposited his or her petition in the prison facility's legal mail system unless conditions that are set out in the Rule have been satisfied. *See Anderson v. Kelley*, 2016 Ark. 46 (per curiam); *see also In re Ark. Sup. Ct. Comm. on Criminal Practice—Ark. R. App. P.—Crim. 2 & Ark. R. Crim. P. 37.2*, 2015 Ark. 296 (per curiam). Those requirements under Rule 37.2(g) include: on the date the petition is deposited in the mail, the petitioner is confined in a state correctional

facility, a federal correctional facility, or a regional or county detention facility that maintains a system designed for legal mail; the petition is filed pro se; the petition is deposited with first-class postage prepaid, addressed to the clerk of the circuit court; and the petition contains a notarized statement by the petitioner in the form as follows:

> **I declare under penalty of perjury:**
>
> **that I am incarcerated in _____** [*name of facility*];
> **that I am filing this petition pro se;**
> **that the petition is being deposited in the facility's legal mail system on _____** [*date*];
> **that first-class postage has been prepaid; and**
> **that the petition is being mailed to _____** [*list the name and address of each person served with a copy of the petition*].
>
> _____
> **(Signature)**
>
> **[NOTARY]**

Additionally, under Rule 37.2 (g), the envelope in which the petition is mailed to the circuit clerk shall be retained by the circuit clerk and included in the record of any appeal of the petition. Because McClinton did not meet the requirements of the prison-mailbox rule, specifically that he did not include the above-referenced notarized statement in his Rule 37.1 petition, he does not benefit from its application.

Although the mailbox rule alleviates the need to question delays in the mail and had McClinton utilized the mailbox-rule, which was an available option had he met the above-referenced conditions, his Rule 37.1 petition would have been timely filed. However, absent McClinton's utilization of the mailbox-rule, this court may still consider his contention of a clerical error regarding the reason for the delay—which included a weekend, between September 16, 2015, a Wednesday, to September 22, 2015, a Tuesday—in the

receipt and filing of the petition, which remains unexplained; although seven days of mail-delivery time from Grady, Arkansas, to Pine Bluff, Arkansas, seems a bit incongruent for the distance between the two locales.[1] Although McClinton in his reply brief claimed he had no knowledge of the mailbox rule, a petitioner, even one proceeding pro se, must conform to the prevailing rules of procedure. *See Newton v. State*, 2014 Ark. 538, 453 S.W.3d 125 (per curiam). Ignorance of the applicable procedural rules does not excuse a petitioner from conforming to the prevailing rules of procedure. *Adkins v. State*, 2015 Ark. 336, at 3, 469 S.W.3d 790, 794 (per curiam).

Notwithstanding these requirements, this court finds, under these unique facts and very limited circumstances, that McClinton's Rule 37.1 and coram-nobis petition should have been filed prior to the 60-day filing deadline. The matter is remanded for the circuit clerk to file-mark McClinton's Rule 37.1 petition as of September 21, 2015. Upon the filing of the Rule 37.1 petition, the trial court should determine whether it has jurisdiction over the matter and can reach the merits of the petition for Rule 37.1 relief and issue an order accordingly ruling on and disposing of the Rule 37.1 petition—an order from which McClinton may or may not subsequently seek to perfect an appeal.

Although McClinton stated various grounds alleging entitlement to coram-nobis relief, many of which cannot be distinguished from his claims for Rule 37 relief, the trial court denied relief, finding it did not have jurisdiction to entertain a petition for writ of

---

[1]There appears to be a handwritten notation, "9/22/15," on the envelope that contained McClinton's petition, although there is no other notation with the date to indicate that it is a received date or any other correlation for that date or whether the circuit clerk's office was responsible for writing the date.

error coram nobis because this court had not granted McClinton permission by reinvesting jurisdiction in the trial court. During the pendency of his direct appeal in this court, McClinton filed a petition asking this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. *McClinton v. State*, 2015 Ark. 161 (per curiam). We found no ground for the issuance of a writ of error coram nobis, as it was evident on the face of the petition that the alleged grounds for relief could easily have been discerned at the time of the proceedings and raised in the trial court; that is, none of the allegations of error was such that it could not have been settled at trial. *Id.* at 3.

> A prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis *must first request that this court reinvest jurisdiction in the trial court because the filing of the transcript in an appellate court deprives the trial court of jurisdiction. Maxwell v. State,* 2012 Ark. 251(per curiam). . . . The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Mackey v. State,* 2014 Ark. 491 (per curiam).

*Noble v. State*, 2015 Ark. 141, at 5–6, 460 S.W.3d 774, 778–79 (quoting *Green v. State*, 2015 Ark. 25, 453 S.W.3d 677). Because McClinton's record was in this court, the trial court was deprived of jurisdiction to entertain his petition for coram-nobis relief at the trial-court level, and, absent permission from this court to reinvest jurisdiction—which was not granted when he requested it—the trial court properly dismissed the coram-nobis petition, and we affirm that aspect of the court's order. *See Noble*, 2015 Ark. 141, 460 S.W.3d 774.

Affirmed in part; reversed and remanded in part.

*Edmond McClinton, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee