SLIP OPINION

Cite as 2017 Ark. 89

# SUPREME COURT OF ARKANSAS.

**No.** CV–17–44

| | |
|---|---|
| CURTIS RAY HOWARD<br><div align="right">PETITIONER</div><br>V.<br><br>HARLIN A. WEBBER AND/OR RICHARD ADKISSON, FORMER JUDGES, AND LESLIE RUTLEDGE, ATTORNEY GENERAL OF ARKANSAS<br><div align="right">RESPONDENTS</div> | **Opinion Delivered** March 9, 2017<br><br>PRO SE MOTION FOR BELATED APPEAL OF ORDER<br>[LEE COUNTY CIRCUIT COURT, NO. 39CV-16-74]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE<br><br><u>MOTION DENIED</u>. |

### PER CURIAM

Petitioner Curtis Ray Howard is incarcerated in a unit of the Arkansas Department of Correction located in Lee County. On July 1, 2016, he filed in the Lee County Circuit Court a pro se petition for writ of habeas corpus, seeking release from custody. On August 2, 2016, an order was entered denying the petition. Thirty-five days later, on September 6, 2016, Howard filed an untimely notice of appeal.

Now before us is Howard's pro se motion seeking to proceed with a belated appeal of the August 2, 2016 order. Arkansas Rule of Appellate Procedure –Civil 4(a) (2016) requires that a notice of appeal be filed within thirty days of the date an order is entered. Here, the thirty-day period to file a timely notice of appeal ended Thursday, September 1, 2016.

While a habeas proceeding is a civil matter, a petitioner may seek to proceed with a belated appeal of a ruling on a petition for postconviction relief, which includes the denial

of a petition for writ of habeas corpus.  *See Sillivan v. Hobbs*, 2014 Ark. 88 (per curiam); *see also Wesley v. Harmon*, 2010 Ark. 21, at 2.  However, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure by filing a timely notice of appeal and perfecting the appeal to this court.  *Wesley*, 2010 Ark. 21, at 2.  This court has consistently held that the burden to conform to procedural rules applies even where the petitioner proceeds pro se, as all litigants must bear the responsibility of conforming to the rules of procedure or demonstrating good cause for not so conforming.  *McDaniel v. Hobbs*, 2013 Ark. 107, at 2 (per curiam).  The pro se appellant receives no special consideration on appeal.  *Id.* at 3.  This court has made it abundantly clear that it expects compliance with the rules of this court so that appeals will proceed as expeditiously as possible.  *Day v. Hobbs*, 2014 Ark. 189, at 3 (per curiam).

 Howard alleges that he placed his notice of appeal in the institutional mail on August 2, 2016, which was the day that the order was entered denying the habeas petition.  He argues that the notice of appeal should be considered timely pursuant to *Houston v. Lack*, 487 U.S. 266 (1988).  *Houston* stands for the proposition, generally known as the "prison mailbox rule," that a notice of appeal in some federal-court matters is considered filed by a pro se prisoner when he delivers it to prison authorities for mailing.

Arkansas Rule of Criminal Procedure 37.2 (2016) now includes a provision under which a Rule 37.1 petition will be deemed filed on the date that an incarcerated inmate deposited his or her petition in the prison facility's legal mail system, provided the conditions that are set out in the Rule have been satisfied. A similar provision is included in Arkansas Rule of Appellate Procedure –Criminal 2(b)(3) (2016) that allows an exception to the filing

SLIP OPINION

deadline, when certain conditions are met, for a notice of appeal of a judgment of conviction in circuit court or a circuit court order that denied postconviction relief under Rule 37. Ark. R. Crim. P. 37.2(g); *see Anderson v. Kelley*, 2016 Ark. 46, at 2 (per curiam). The requirements set out in the Rule do not apply to other pleadings that may be filed by incarcerated persons. As to *Houston*, we have held that *Houston* is an interpretation of a federal rule of appellate procedure and is not, in and of itself, dispositive of this court's decision to grant or deny a motion for belated appeal. *See Key v. State*, 297 Ark. 111, 759 S.W.2d 567 (1988).

Here, it appears the record does not support Howard's contentions. He argues that he mailed the notice of appeal on August 2, 2016, that the envelope was post-marked August 2, and that the clerk acknowledged receipt on August 2. However, the record reflects that Howard signed his notice of appeal on August 26, that the envelope was post-marked on September 1, the notice of appeal was filed on Sept 5, and the letter from the clerk certifying the reorder was dated Sept. 15. Even if the notice was placed in the prison mail as Howard on August 26, the date he signed it, he fails to so much as allege that the notice was not sent from the prison without undue delay, that it was delayed by the postal service once it had been mailed, or that the clerk received it before the notice was due but did not file-mark it when received. There is clearly incongruity in Howard's allegations. *See McClinton v. State*, 2016 Ark. 461, at 3–4 (This court took note that it was incongruous that mail delivery from Grady, Arkansas, to Pine Bluff, Arkansas, amounted to seven days.) Howard has not explained in any fashion the cause for the lengthy delay in the delivering or filing of the notice, assuming he placed it in the prison mailbox on August 26.

Howard has not demonstrated that there was any good cause for the late filing of the notice of appeal.

Motion denied.