Cite as 2019 Ark. App. 333

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-18-673

| | |
|---|---|
| | **Opinion Delivered:** June 5, 2019 |
| CORTEZ LAMONT GOULD<br>APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-12-961] |
| V. | |
| | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REMANDED TO SUPPLEMENT THE RECORD; SUPPLEMENTAL ADDENDUM ORDERED |

## KENNETH S. HIXSON, Judge

Appellant Cortez Lamont Gould appeals after the Faulkner County Circuit Court entered an order denying his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37. Gould raises four points on appeal, claiming ineffective assistance by his trial counsel. We remand for the record to be supplemented, and we order appellant to file a supplemental addendum.

Gould was convicted in a jury trial of aggravated robbery and theft of property, with sentence enhancements for using a firearm in the commission of the offenses. Gould was sentenced to forty years in prison. Gould appealed from his convictions, arguing that the trial court erred in denying his motion for a mistrial due to alleged juror misconduct. We affirmed his convictions in *Gould v. State*, 2016 Ark. App. 124, 484 S.W.3d 678, and our mandate was issued on March 15, 2016.

Gould filed in the trial court a pro se petition for postconviction relief under Rule 37, claiming ineffective assistance of counsel and asking for a new trial. Gould's Rule 37 petition was file-marked on May 25, 2016, which was seventy-one days after our mandate issued. The trial court held a hearing on the petition and entered an order denying Rule 37 relief on the merits of the petition on April 19, 2018. Gould appealed from the trial court's April 19, 2018 order denying relief.

After Gould filed his brief in this appeal but before the case was submitted, the State filed a motion to dismiss Gould's appeal. In its motion, the State argued that Gould's Rule 37 petition was untimely filed in the trial court and that there was a lack of compliance with the prison mailbox rule. The State's motion to dismiss was passed until submission of the case, and we now consider the motion.

An appeal from an order denying a petition for postconviction relief will not be allowed to proceed when the appellant could not prevail. *Justus v. State*, 2012 Ark. 91. When a Rule 37 petition is not timely filed, the trial court lacks jurisdiction to consider the petition. *Joslin v. State*, 2015 Ark. 328. The time requirements are mandatory, and when a petition under Rule 37 is not timely filed, a trial court shall not consider the merits of the petition. *Hendrix v. State*, 2016 Ark. 168.

Arkansas Rule of Criminal Procedure 37.2(c)(ii) provides that, "If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate is issued by the appellate

2

court." In this case Gould's Rule 37 petition was filed on May 25, 2016, which was not within sixty days of our mandate.[1]

However, at the time Gould's pro se Rule 37 petition was filed, he was confined in a correctional facility. Rule 37.2(g), which is sometimes referred to as the prison mailbox rule, provides:

(g) *Inmate filing.* For purposes of subsection (c) of this rule, a petition filed pro se by a person confined in a correctional or detention facility that is not timely under the provisions of subsection (c) of this rule shall be deemed filed on the date of its deposit in the facility's legal mail system if the following conditions are satisfied:

(i) on the date the petition is deposited in the mail, the petitioner is confined in a state correctional facility, a federal correctional facility, or a regional or county detention facility that maintains a system designed for legal mail; and

(ii) the petition is filed pro se; and

(iii) the petition is deposited with first-class postage prepaid, addressed to the clerk of the circuit court; and

(iv) the petition contains a notarized statement by the petitioner as follows:

"I declare under penalty of perjury: that I am incarcerated in _____ [name of facility]; that I am filing this petition pro se; that the petition is being deposited in the facility's legal mail system on _____[date]; that first-class postage has been prepaid; and that the petition is being mailed to _____ [list the name and address of each person served with a copy of the petition].
_____
(Signature)
[NOTARY]"

*The envelope in which the petition is mailed to the circuit clerk shall be retained by the circuit clerk and included in the record of any appeal of the petition.*

---

[1]To have been considered timely under Rule 37.2(c)(ii), Gould's petition would have had to have been filed on or before May 16, 2016.

3

(Emphasis added.)  Gould's Rule 37 pro se petition is notarized and contains his statement that he is an inmate who has placed his petition in the Cummins Unit mailing system on May 9, 2016, and that the petition is being mailed to the Faulkner County Circuit Clerk at the clerk's office address.

Although Gould's Rule 37 petition states that he placed the petition in the detention facility's mail system on May 9, 2016, which was a week prior to the May 16, 2016 deadline for filing the petition, the State contends that the statement in his petition was deficient in two respects and notes that the petition was not file-marked in the Faulkner County Circuit Court until May 25, 2016.  The State first claims that although the petition is notarized, Gould's certificate of mailing appears *after* the notary's signature, which is dated May 8, 2016—the day before the petition was purportedly placed in the prison mailing system. Further, the State argues that Gould's certificate of mailing is deficient because it contains no statement that first-class postage was prepaid as required by Rule 37.2(g)(iv).  The State asserts that it is unlikely that first-class postage was affixed to Gould's mailing on May 9, 2016, given that it was not file-marked by the clerk's office until sixteen days later on May 25, 2016.  For these reasons, the State argues that Gould should not get the benefit of the prison mailbox rule and that his appeal to this court should be dismissed for lack of jurisdiction.

We are unable to rule on the State's motion to dismiss at this time because an essential item is missing from the record on appeal.  Specifically, the record does not contain the envelope in which the Rule 37 petition was received by the circuit clerk.  Rule 37.2(g) requires that "[t]he envelope in which the petition is mailed to the circuit clerk shall be

4

retained by the circuit clerk and included in the record of any appeal of the petition." Our record does not contain the envelope showing the postmark information as required by the rule. This information is necessary for a review of whether Gould's petition was timely filed.

Our supreme court has made it clear that the postmarked envelope is an essential item in such cases. In *McClinton v. State*, 2016 Ark. 461, 506 S.W.3d 227, the appellant was a pro se inmate, and his Rule 37 petition was due in the circuit court on September 21, 2016, but not file-marked until September 22, 2016. In that case, McClinton provided no notarized statement whatsoever with his petition, so the supreme court held that he did not get the benefit of the prison mailbox rule. Nonetheless, in *McClinton*, the envelope in which the petition was received *was contained in the record* as required by the rule, and it showed a postmark of September 16, 2016. McClinton argued that because the postmark on his petition showed it was mailed well before the September 21, 2016 due date, the September 22, 2016 file-mark was a clerical error. The supreme court found the postmark significant, and stated that "under these unique facts and very limited circumstances" McClinton's Rule 37 petition should have been filed prior to the 60-day filing deadline. The supreme court remanded for the circuit clerk to file-mark McClinton's Rule 37 petition as of September 21, 2016.

The supreme court case *Reynolds v. State*, 2019 Ark. 144, involved a situation where the postmarked envelope was not in the record, which resulted in the supreme court remanding to supplement the record. In *Reynolds*, the pro se inmate Rule 37 petitioner complied with the Rule 37.2(g) requirements, and his petition contained a statement that

5

the petition was placed with first-class postage prepaid in the prison mailing system twenty-six days after the mandate issued. However, the petition was not file-marked in the circuit court until 143 days after the mandate issued, and the State moved for the supreme court to dismiss the appeal as being untimely. The supreme court declined to dismiss the appeal at that time, holding that the envelope, which was missing from the record, was essential for its review of the motion. The supreme court wrote:

> The State contends that the Rule 37 petition did not fulfill the conditions under Rule 37.2(g) for the petition to be deemed filed on the date of its deposit in the prison's legal-mail system because the record does not contain an envelope or other post-marked documents to verify Reynolds's statement concerning the date the petition was mailed. However, the Rule requires that the circuit clerk, not Reynolds, retain the envelope in which the Rule 37 petition was received and include a copy in the record on appeal. This information is needed for any review concerning whether Rule 37.2(g) has been satisfied, but the duty to satisfy that particular condition is the clerk's and not one of Reynolds's duties to fulfill.
>
> . . . .
>
> Because the clerk failed to provide a copy of the envelope in which the petition was received, we remand for the circuit clerk to provide a supplemental record with a copy of that envelope. If the clerk has failed in her duty to retain the envelope, then the circuit court is to hold a hearing to settle the record, to the extent possible, and enter an order that provides findings on the date that the petition was received by the clerk, the date of the postmark on the envelope, and the filing date of the petition. The supplemental record, including the transcript of any hearing conducted, is to be returned within thirty days of the date of this order.

*Reynolds*, 2019 Ark. 144, at 1−2.

Because the circuit clerk failed to provide a copy of the envelope in which the petition was received, which is necessary for our review, our directive here tracks the supreme court's directive in *Reynolds*. We remand for the circuit clerk to provide a supplemental record with a copy of the envelope. If the clerk has failed in her duty to retain the envelope, then the circuit court is to hold a hearing to settle the record, to the extent

6

possible, and enter an order that provides findings on the date that the petition was received by the clerk, the date of the postmark on the envelope, and the filing date of the petition. The supplemental record, including the transcript of any hearing conducted, is to be returned within thirty days of this order. We also order appellant to file a supplemental addendum containing the contents of the supplemental record within seven days after the supplemental record has been filed. *See* Ark. Sup. Ct. R. 4–2(b)(4).

Remanded to supplement the record; supplemental addendum ordered.

GLADWIN and SWITZER, JJ., agree.

*James Law Firm*, by: *Michael K. Kaiser*, *Megan M. Wilson*, and *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.