Cite as 2019 Ark. App. 465

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR-19-331

| | |
|---|---|
| MAURICE TRAMMELL | **Opinion Delivered:** October 23, 2019 |
| APPELLANT | |
| | APPEAL FROM THE HEMPSTEAD |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 29CR-18-67] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE RANDY WRIGHT, |
| | JUDGE |
| | |
| | APPEAL DISMISSED |

## RITA W. GRUBER, Chief Judge

Appellant Maurice Trammell appeals from an order of the Hempstead County Circuit Court denying his petition for postconviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure as untimely. For reversal, Trammell argues that his petition was timely filed under the prison-mailbox rule. We dismiss the appeal.

On September 17, 2018, Trammell pleaded no contest to aggravated robbery in case No. CR-18-67 and theft of property in case No. CR-18-68, and a sentencing order was entered September 19, 2018. He was sentenced as a habitual offender to twenty years' imprisonment and five years' suspended imposition of sentence on the aggravated-robbery conviction and twenty years' imprisonment on the theft-of-property conviction to be served concurrently.

On December 26, 2018, Trammell filed a petition for postconviction relief under Rule 37 in the aggravated-robbery case (CR-18-67). The circuit court entered an order on

January 7, 2019, denying the petition as untimely. A notice of appeal was filed on January 17, 2019.

Under Ark. R. Crim. P. 37.2(c), if a conviction was obtained on a guilty plea, a petition for postconviction relief must be filed within ninety days of the judgment being entered. Here, the sentencing order was filed September 19, 2018. The ninetieth day from that date was December 18, 2018.[1] His petition was file-marked December 26, 2018, and therefore was outside the ninety days allowed. However, Trammell argues that he deposited his petition in the prison-mail system on December 19, and therefore his petition is timely under the prison-mailbox rule set out in Ark. R. Crim. P. 37.2(g).

Our supreme court has stated that "a petition under Rule 37.1 is not deemed filed on the date an incarcerated inmate deposited his or her petition in the prison facility's legal mail system unless conditions that are set out in the Rule have been satisfied." *McClinton v. State*, 2016 Ark. 461, at 2, 506 S.W.3d 227, 228 (citing *Anderson v. Kelley*, 2016 Ark. 46 (per curiam)). These are the requirements under Rule 37.2(g): on the date the petition is deposited in the mail, the petitioner is confined in a state correctional facility, a federal correctional facility, or a regional or county detention facility that maintains a system designed for legal mail; the petition is filed pro se; the petition is deposited with first-class postage prepaid, addressed to the clerk of the circuit court; and the petition contains a notarized statement by the petitioner in the following form:

> **I declare under penalty of perjury:**
> **that I am incarcerated in** _____ [*name of facility*];
> **that I am filing this petition pro se;**

---

[1]December 18 did not fall on a weekend.

**that the petition is being deposited in the facility's legal mail system on _____** [*date*];
**that first–class postage has been prepaid; and**
**that the petition is being mailed to _____** [*list the name and address of each person served with a copy of the petition*].
_____
**(Signature)**
**[NOTARY]**

Additionally, under Rule 37.2(g), the envelope in which the petition is mailed to the circuit clerk shall be retained by the circuit clerk and included in the record of any appeal of the petition.[2]

Without addressing whether Trammell's petition met the requirements of Rule 37.2(g), according to his notarized petition, it was deposited in the mail on December 19, which was one day late. Additionally, the date on the certificate of service is also December 19. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition. *Womack v. State*, 368 Ark. 341, 343, 245 S.W.3d 154, 155 (2006) (per curiam); *see also Blue v. State*, No. CR 07-1329, 2008 WL 660252, at ★1 (Ark. Mar. 13, 2008) (dismissal of appeal from denial of Rule 37.1 petition filed two days late); *Hunt v. State*, No. CR 15-793, 2016 WL 552598 (Ark. Feb. 11, 2016) (per curiam) (dismissal of an appeal from a Rule 37.1 petition filed one day late). Because

---

[2]The envelope is not contained in the record. Our supreme court has made it clear that the postmarked envelope is an essential item in such cases. *McClinton*, *supra*; *see also Reynolds v. State*, 2019 Ark. 144, 572 S.W.3d 869 (where the postmarked envelope was not in the record, the supreme court remanded to supplement the record with specific directives if the envelope had not been retained); *Gould v. State*, 2019 Ark. App. 333, at 5. While the circuit clerk is required to retain the envelope for the record, it is not essential to our determination because the date appellant contends he put it in the prison mailbox is beyond the ninety days allowed. Thus, a remand in the present case is unnecessary.

the postconviction petition was untimely, the circuit court lacked the authority under the Rule to grant the relief sought. *Malone v. State*, 2016 Ark. 379, at 5, 501 S.W.3d 807, 810. Trammell did not timely seek postconviction relief, and the circuit court properly denied relief.

As an alternative basis for affirming, the State suggests that appellant's petition should be denied as a successive petition by referencing items not contained in the record but improperly included in appellant's addendum. These items include a motion to vacate the judgment and plea filed October 15, 2018, and an order of the circuit court entered October 24, 2018, treating the motion to vacate as a Rule 37.1 motion and denying the motion. This court does not consider matters outside the record. *Cox v. State*, 2015 Ark. App. 462, at 5. Therefore, we do not address the State's alternative basis for affirming.

Appeal dismissed.

MURPHY, J., agrees.

HARRISON, J., concurs.

**BRANDON J. HARRISON, Judge, concurring**. I agree that we must dismiss this appeal with prejudice. I write separately to add two additional jurisdictional flaws that require this disposition.

The first one is that Trammell's *original* petition is not verified—and it must be by rule and by caselaw. And when an original petition for postconviction relief is not verified an amended verified petition does not cure an unverified original petition. Ark. R. Crim. P. 37.1(c) (2019); *Bradley v. State*, 2015 Ark. 144, 459 S.W.3d 302; *Williamson v. State*, 2012 Ark. 170, at 3 (per curiam). It is a persnickety rule, but it is the law. Therefore, the circuit

4

court was, and we now are, procedurally barred from considering the merits of Trammell's original unverified petition and his subsequent petitions.

The second additional jurisdictional flaw that should be mentioned is that Trammell did not file a notice of appeal within thirty days from the 24 October 2018 order that denied him postconviction relief. Nor did he file a posttrial motion to extend the usual thirty-day time period to file a notice of appeal. Ark. R. App. P.–Crim. 2(a)(4) (2019). Consequently, the only notice of appeal that we have in the record was untimely under Rule 2(a)(4).

My colleagues do not address these jurisdictional lapses because Trammell's October 15 motion and the circuit court's October 24 order are not in the record. The parties, however, specifically identify and rely on these documents in their respective briefs filed in this court. In my view, the State and Trammell have essentially stipulated to the existence and validity of the file-marked October 2018 motion and the related order of dismissal. *See generally* Ark. R. App. P.–Civ. 6(e) (2019); Ark. R. App. P.–Crim. 4(a).

To conclude, I agree with the majority opinion that this appeal must be dismissed with prejudice but would do so for additional reasons.

*Maurice Trammell*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.