Cite as 2021 Ark. App. 166

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-871

| | |
|---|---|
| JOE RAYMOND MALLARD<br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** April 14, 2021<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR-17-1091]<br><br>HONORABLE CHARLES E. CLAWSON, JR., JUDGE<br><br>DISMISSED |

## LARRY D. VAUGHT, Judge

Joe Mallard brings this appeal from the Faulkner County Circuit Court's denial of his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1. Because Mallard's petition was untimely, we lack jurisdiction and dismiss.

On December 7, 2018, Mallard pled guilty to possession of drug paraphernalia with the purpose of introducing a controlled substance into the human body and pled no contest to fleeing from law enforcement. The trial court sentenced Mallard to two years' incarceration for his possession of drug paraphernalia and six years' incarceration for fleeing. The trial court ordered that the sentences be run consecutively. Mallard did not seek direct appeal of his convictions or sentences. Instead, Mallard sought postconviction relief pursuant to Rule 37.

Mallard's Rule 37 petition was filed on March 14, 2019, which was ninety-eight days after the entry of his guilty plea. It did not include the notarized statement that is required

under Arkansas Rule of Criminal Procedure 37.2(g)(iv) (2018) for an incarcerated pro se petitioner to claim the benefit of the prison mailbox rule. The Faulkner County Circuit Clerk filed the petition without retaining the mailing envelope as required by Rule 37.2(g)(iv).

Mallard's Rule 37 petition alleged that he received ineffective assistance of counsel because his attorney (1) did not meet with him until the day before the plea hearing, (2) failed to acknowledge that Mallard's new blood pressure medication affected his ability to understand the plea proceedings, (3) coerced him into pleading guilty by informing him of the maximum sentence for each offense, and (4) failed to challenge the evidence that Mallard possessed drug paraphernalia. The petition also alleged that the trial court's bias deprived Mallard of due process.

At a hearing on the petition, Mallard repeatedly claimed that he had mailed the petition on March 9, 2019. He also claimed that the petition contained the necessary notarized statement required under Rule 37.2. When asked to produce a copy of the petition showing the notarized statement, he produced a copy that was identical to what had been filed with the trial court, and the court stated from the bench that the copy Mallard provided also lacked the necessary notarized statement.

Because Mallard's failure to comply with Rule 37.2(g)(iv) rendered his petition untimely pursuant to Rule. 37.2(c)(i), the trial court found that it lacked jurisdiction to consider an untimely petition. This appeal follows.

A trial court's decision denying postconviction relief will not be reversed unless it is clearly erroneous. *Osburn v. State*, 2018 Ark. App. 97, at 2, 538 S.W.3d 258, 260. A finding is clearly erroneous when, although there is evidence to support it, a review of all the evidence

leaves the appellate court with the definite and firm conviction that a mistake has been committed. *Id.* at 2, 538 S.W.3d at 260. A criminal defendant who pleads guilty must file a petition for postconviction relief pursuant to Rule 37 "within 90 days of the date of entry of judgment." Ark. R. Crim. P. 37.2(c)(i) (2018). The time requirements imposed by Rule 37.2(c) are jurisdictional in nature, and if they are not met, a trial court lacks jurisdiction to grant relief. *Muldrow v. State*, 2014 Ark. 333, at 2, 439 S.W.3d 46, 47. When the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *Id.*

Usually, an item tendered to a court is considered filed on the date it is received by the clerk. *Davis v. State*, 2012 Ark. 340, at 1 (per curiam). Pursuant to Rule 37.2(g), however, an incarcerated petitioner who satisfies certain enumerated conditions may benefit from the prison mailbox rule, wherein a document is deemed filed on the date it is deposited in the prison mail system. *McClinton*, 2016 Ark. 461, at 2, 506 S.W.3d at 228. A petition is not deemed filed on the date it is deposited in the prison facility's legal-mail system unless the inmate satisfies all the conditions in Rule 37.2(g). *Id.*, 506 S.W. 3d at 228. The prison mailbox rule applies if:

(i) on the date the petition is deposited in the mail, the petitioner is confined in a state correctional facility, a federal correctional facility, or a regional or county detention facility that maintains a system designed for legal mail; and

(ii) the petition is filed pro se; and

(iii) the petition is deposited with first-class postage prepaid, addressed to the clerk of the circuit court; and

(iv) the petition contains a notarized statement by the petitioner as follows:

**I declare under penalty of perjury:**

**that I am incarcerated in _____ [*name of facility*];
that I am filing this petition pro se; that the petition is being deposited in the facility's legal mail system on _____ [*date*];**

**that first-class postage has been prepaid; and**

**that the petition is being mailed to _____ [*list the name and address of each person served with a copy of the petition*].**

_____

**(Signature)**

**[NOTARY]**

Ark. R. Crim. P. 37.2(g)(iv) (emphasis in original).

The Arkansas Supreme Court has previously held that an inmate who fails to include the notarized statement in his Rule 37 petition is not entitled to benefit from the prison mailbox rule. *McClinton*, 2016 Ark. 461, at 3, 506 S.W.3d at 229. The rule also requires the circuit clerk to retain the envelope in which the petition is mailed and to make the envelope part of the record in the event of appeal. Ark. R. Crim. P. 37.2(g)(iv).

Here, the circuit clerk failed to retain the envelope in which Mallard's petition arrived at the clerk's office for filing. In ruling that Mallard's petition was untimely, the trial court addressed the fact that the clerk failed to retain the envelope and noted that we reversed the dismissal of a Rule 37 petition in *Gould v. State* because the envelope was not retained and placed in the record. 2019 Ark. App. 418, 585 S.W.3d 182. However, it noted that in *Gould*, the petitioner complied with Rule 37.2 and included a notarized affidavit as required. Likewise, in another similar case, *McClinton v. State*, the petitioner complied with the requirements of the prison mailbox rule by attaching the necessary notarized statement. 2016 Ark. 461, 506 S.W.3d 227.

4

In the present case, Mallard's failure to attach the sworn and notarized statement required under Rule 37.2 is dispositive. While it is true that the Rule 37 petition was notarized on March 6 (which would have been within the ninety-day window for filing, should the prison mailbox rule apply), it lacks the statement required under Rule 37.2 for invoking the prison mailbox rule.

Moreover, Mallard argued at the hearing that he mailed his petition on March 9, which would have made it untimely even if he was given the benefit of the prison mailbox rule. When questioned during the hearing, Mallard appeared to be confused as to how many days are in the month of February, indicating that he thought he had mailed his petition on time. He also repeatedly claimed that he had a copy of the petition with the necessary notarized statement, but when asked to produce it for the court, he presented the same petition already on file with the clerk's office, which lacks the notarized statement required by Rule 37.2.

Accordingly, we find no error in the court's determination that Mallard's petition did not meet the requirements for invoking the prison mailbox rule and was untimely. Therefore, we lack jurisdiction to hear Mallard's appeal, and we dismiss.

Dismissed.

ABRAMSON and BARRETT, JJ., agree.

*Joe R. Mallard*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.