SLIP OPINION

Cite as 2017 Ark. 278

# SUPREME COURT OF ARKANSAS.
No. CR–17–450

| | | |
|---|---|---|
| ALI MARTIN MATAR | | **Opinion Delivered** October 19, 2017 |
| | PETITIONER | |
| V. | | PRO SE MOTION FOR BELATED APPEAL AND RULE ON CLERK [BENTON COUNTY CIRCUIT COURT, NO. 04CR-14-777] |
| STATE OF ARKANSAS | | |
| | | HONORABLE BRAD KARREN, JUDGE |
| | RESPONDENT | |
| | | MOTION TREATED AS MOTION FOR BELATED APPEAL AND DENIED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Petitioner Ali Martin Matar asks in a pro se motion for belated appeal and rule on clerk that he be permitted to proceed with an appeal of the order of the Benton County Circuit Court entered August 17, 2016, denying his petition and amended petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015) even though he did not file a notice of appeal until October 14, 2016. The motion is treated as a motion for belated appeal under Arkansas Rule of Appellate Procedure–Criminal 2(e) (2016), rather than as a motion for rule on clerk, because the notice was not timely filed. *See Bloodman v. State*, 2010 Ark. 169, 370 S.W.3d 174. Arkansas Rule of Appellate Procedure–Criminal 2(a) (2016) provides that a notice of appeal must be filed within thirty days of the date of the entry of the order from which the appeal is taken. Matar contends that he should be allowed to perfect the appeal because he did not receive a copy of the trial court's order until September 9, 2016. If a notice of appeal is not timely filed, the burden

is on the petitioner to establish good cause for the failure to comply with proper procedure. *See Dodson v. Norris*, 374 Ark. 501, 288 S.W.3d 662 (2008). Because Matar has not established good cause for his delay in acting in this matter, the motion is denied.

Rule 37.3(d) requires the trial court to promptly mail a copy of the order entered on a Rule 37.1 petition to the petitioner. The language in the rule is mandatory, and the failure of the trial court to comply with Rule 37.3(d) constitutes good cause to excuse the petitioner's failure to file a timely notice of appeal. When the record is silent or inconclusive, and the State does not provide an affidavit from the clerk of the circuit court or some other proof that the order was mailed without undue delay, this court will assume that the petitioner was not properly notified. Here, there is no indication in the record or the State's response to demonstrate that Matar was promptly notified under Rule 37.3(d) that the order had been entered on August 17, 2016. Nevertheless, Matar's motion is denied because Matar, by his own admission, received the order a week before the thirty-day period to file a timely notice of appeal expired, but he delayed more than a month before filing his notice with the clerk. Clearly, he received the order before the time to file a notice of appeal elapsed, but he did not act for another month, and he has not established a good cause for not doing so.

Motion treated as motion for belated appeal and denied.