JOSEPHINE LINKER HART, Associate Justice
The State asks this court to dismiss the pending appeal of an order denying and dismissing appellant Edward Joseph Reynolds's petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2017).[1] Although the file mark on Reynolds's Rule 37.1 petition appears to indicate that it was not timely filed, Reynolds asserted below that under Rule 37.2(g) of our criminal-procedure rules, his petition should be deemed filed on the date that it was mailed. Because the circuit clerk was required by the Rule to include in the record a copy of the envelope in which the petition was received but failed to do so, we remand for a supplemental record.
Reynolds appealed the judgment at issue here, which reflected his convictions for aggravated assault and kidnapping and imposed an aggregate sentence of life imprisonment. This court affirmed. Reynolds v. State , 2016 Ark. 214, 492 S.W.3d 491. The mandate issued on June 7, 2016, and under Rule 37.2(c)(ii), Reynolds's Rule 37.1 petition had to be filed within sixty days of that date. Jackson v. State , 2018 Ark. 209, 549 S.W.3d 346. The petition was marked as filed on November 28, 2016, or 143 days after the mandate issued. Reynolds's petition included an affidavit that stated he was incarcerated and identified the unit *871 where he was incarcerated; stated that he was proceeding pro se; and indicated that the petition had been placed in the unit's legal-mail system on July 3, 2016, with first-class postage prepaid and addressed to the circuit clerk for filing. July 3, 2016, was twenty-six days after the mandate issued and well within the sixty-day limit in Rule 37.2(c)(ii).
The time requirements in Arkansas Rule of Criminal Procedure 37.2(c) are mandatory, and when a petition under Rule 37.1 is not timely filed, a trial court shall not consider the merits of the petition and grant postconviction relief. Gardner v. State , 2017 Ark. 230, 2017 WL 3300528. Although, as the State notes, the court indicated at the postconviction hearing that it did not believe that the petition was timely filed, the court did not enter a written order addressing the timeliness of the petition. It instead entered an order addressing the merits of the Rule 37 petition, thereby effectively finding that the petition was timely.
The State contends that the Rule 37 petition did not fulfill the conditions under Rule 37.2(g) for the petition to be deemed filed on the date of its deposit in the prison's legal-mail system because the record does not contain an envelope or other post-marked documents to verify Reynolds's statement concerning the date the petition was mailed. However, the Rule requires that the circuit clerk, not Reynolds, retain the envelope in which the Rule 37 petition was received and include a copy in the record on appeal. This information is needed for any review concerning whether Rule 37.2(g) has been satisfied, but the duty to satisfy that particular condition is the clerk's and not one of Reynolds's duties to fulfill.
The State also contends that, because the date of swearing for Reynolds's affidavit in support of his request to proceed in forma pauperis on the Rule 37 petition was beyond the due date, the petition could not have been timely received in the condition necessary for filing. The State appears to believe that the petition could not have been filed until the clerk received Reynolds's application for in forma pauperis status. Yet, the date that the petition was considered to have been received by the clerk would be the correct filing date, even if Reynolds had tendered the petition without having submitted a request to proceed as a pauper, if he cured the defect in form in a timely manner. See O'Fallon v. O'Fallon , 335 Ark. 229, 980 S.W.2d 246 (1998).
There are other, less obvious costs associated with the proceedings that, at times, may require an application to proceed as a pauper even in cases for which no filing fee is assessed. Regardless of the reason that the application may have been needed, a delay in the petition's filing that resulted from the requirement of the form, without a reasonable opportunity to cure the defect, is not acceptable in a criminal case with time-sensitive filing requirements. Our own clerk follows a practice of allowing a reasonable period of time in which to remit an omitted filing fee or provide an appropriate application for pauper status for those appellate records or pleadings with time sensitivity, and when the applicable filing fee or other cure is not received until after the filing deadline, the filing date is the date tendered. Id. This policy applies without regard to whether the record or pleading was submitted through counsel or pro se.
Because the clerk failed to provide a copy of the envelope in which the petition was received, we remand for the circuit clerk to provide a supplemental record with a copy of that envelope. If the clerk has failed in her duty to retain the envelope, *872 then the circuit court is to hold a hearing to settle the record, to the extent possible, and enter an order that provides findings on the date that the petition was received by the clerk, the date of the postmark on the envelope, and the filing date of the petition. The supplemental record, including the transcript of any hearing conducted, is to be returned within thirty days of the date of this order.
Remanded for supplemental record.
Kemp, C.J., and Wood and Womack, JJ., dissent.

The State also filed a motion to stay briefing schedule in which it requested an additional thirty days to file its brief should this court deny the pending motion to dismiss. That motion was granted by syllabus entry on September 24, 2018.