Cite as 2019 Ark. 281

# SUPREME COURT OF ARKANSAS

No. CV–19–90

| | |
|---|---|
| D'ANGELO ALLEN<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS AND WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>RESPONDENTS | **Opinion Delivered** October 17, 2019<br><br>PRO SE MOTIONS FOR BELATED APPEAL, TO CORRECT CIRCUIT COURT ORDER AND FOR BELATED APPEAL, FOR RULE ON CLERK, IN SUPPORT OF FILING BELATED APPEAL, FOR BRIEFING SCHEDULE AND APPOINTMENT OF COUNSEL, AND FOR EXTENSION OF BRIEF TIME<br>[LEE COUNTY CIRCUIT COURT, NO. 39CV-16-89]<br><br><br>MOTIONS FOR BELATED APPEAL, FOR RULE ON CLERK, AND IN SUPPORT OF FILING BELATED APPEAL TREATED AS MOTIONS FOR BELATED APPEAL AND DENIED; MOTIONS TO CORRECT CIRCUIT COURT ORDER AND FOR BRIEFING SCHEDULE AND APPOINTMENT OF COUNSEL, AND FOR EXTENSION OF BRIEF TIME MOOT. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner D'Angelo Allen filed three pro se motions, each of which seeks leave to proceed with an appeal of the order entered June 19, 2018, that denied his petition for writ of habeas corpus. Because Allen failed to file a timely notice of appeal from the order, the three motions are treated as motions for belated appeal. *See Matar v. State*, 2017 Ark. 278.

The motions are denied. Allen also filed a motion to correct the circuit court's order, a motion for a briefing schedule to be set for the appeal and for appointment of counsel, and for extension of brief time. As his request to proceed with a belated appeal is denied, those motions are moot.

Allen filed his notice of appeal on August 2, 2018, which was forty-four days after the order had been entered. Arkansas Rule of Appellate Procedure–Civil 4(a) (2018) requires that a notice of appeal be filed within thirty days of the date an order is entered. As grounds for not abiding by the prevailing rules of procedure, Allen argues that his habeas petition had merit and that the order was not final because the court incorrectly stated in the order that he had been convicted of first-degree murder when he had been convicted of capital murder. He contends that the error in the order rendered it invalid, and for that reason, he should be permitted to proceed with an appeal. He also asserts that the circuit clerk delayed the filing of the notice of appeal.

While habeas proceedings and proceedings under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2018), are civil matters, a petitioner may seek to proceed with a belated appeal of a ruling on a petition for postconviction relief that is civil in nature. *See Robinson v. State*, 2018 Ark. 406. A belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure by filing a timely notice of appeal and perfecting the appeal to this court. *Griffis v. State*, 2017 Ark. 238. This court has consistently held that the burden to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility of conforming to the rules of procedure or demonstrating good cause for not so conforming.

*Marshall v. State*, 2017 Ark. 208, 521 S.W.3d 456. This court has made it abundantly clear that it expects compliance with the rules of this court so that appeals will proceed as expeditiously as possible.

Allen's contentions that his habeas petition had merit and should not have been denied and that it was not a final order do not constitute a showing of good cause for his failure to file a timely notice of appeal. When considering a motion based on the petitioner's failure to abide by procedural rules, the merit of the underlying petition is not at issue. With respect to Allen's allegation that the circuit clerk caused the late filing of the notice of appeal, the claim is not supported with facts from which it could be determined that the clerk made some error that would relieve Allen of responsibility for having not filed a timely notice of appeal. Accordingly, the sole question is whether Allen has established good cause for not abiding by the rules that govern the orderly administration of justice, and Allen has not met that burden.

Motions for belated appeal, rule on clerk, and in support of filing belated appeal treated as motions for belated appeal and denied; motions to correct circuit court order and for briefing schedule and appointment of counsel, and for extension of brief time moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** The basis of Allen's request for a belated appeal is that he had his notice of appeal notarized and sent to the courthouse for filing in timely fashion, but then somewhere down the line it got held up until after the deadline had passed. The majority disregards Allen's contention in a single sentence:

> With respect to Allen's allegation that the circuit clerk caused the late filing of the notice of appeal, the claim is not supported with facts from which it

3

> could be determined that the clerk made some error that would relieve Allen of responsibility for having not filed a timely notice of appeal.

(Maj. Opinion, p. 3). I disagree entirely with the majority's suggestion that Allen's claim "is not supported with facts from which it could be determined . . . ." The requisite facts are apparent on the face of the record, and Allen's request for a belated appeal should be granted.

The order from which Allen seeks to appeal was filed June 19, 2018. Pursuant to Ark. R. App. P. –Civ. 4, Allen then had thirty days to file his notice of appeal. His notice of appeal was notarized with his signature on July 11, 2018. This left more than a week before the deadline for Allen's notice of appeal to be mailed from the East Arkansas Regional Unit to the Lee County Courthouse in Marianna for filing. By a generous estimate, the distance between these two places is no more than fifteen miles. However, the circuit clerk did not file Allen's notice of appeal until August 2, 2018, more than three weeks after Allen had it notarized, and approximately two weeks after the deadline had passed.

Typically, in postconviction cases, the circuit clerk includes in the record the envelope used to mail documents from the prison to the courthouse for filing to maintain contemporaneous indications of when filings are sent and received. In this case, the envelope used to carry Allen's notice of appeal from the prison to the courthouse is missing from the record, and its absence is suggestive. Because this issue is dispositive, the omission supports a presumption that the missing envelope would have been favorable to Allen. *See Watts v. State*, 222 Ark. 427, 431, 261 S.W.2d 402, 404 (1953) ("The rule, even in criminal cases, is that, if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable.") (quoting *Graves v. United States*, 150

4

U.S. 118, 121 (1893)). Moreover, I note that the record also contains a request for certified copies that Allen sent from the prison to be filed at the courthouse. Allen got his request for certified copies notarized on January 9, 2019, and that document was filed at the courthouse just a few days later on January 14. Overall, there is simply no reasonable explanation as to how it could have taken approximately three weeks for Allen's notice of appeal to be mailed from the prison to the courthouse, and there is certainly no indication that this delay was in any way attributable to Allen. The application of the presumption establishes good cause for a belated appeal.

This practice violates Allen's right of access to the courts. Instead of glossing over these shenanigans, this court should just grant Allen's request for a belated appeal.

I dissent.