Cite as 2019 Ark. 307

# SUPREME COURT OF ARKANSAS

**No.** CR–18–555

| | |
|---|---|
| EDWARD JOSEPH REYNOLDS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 31, 2019<br><br>APPELLEE'S MOTION TO DISMISS APPEAL<br>[GRANT COUNTY CIRCUIT COURT, NO. 27CR-14-106]<br><br><br>MOTION DENIED. |

**JOSEPHINE LINKER HART, Associate Justice**

The State asked this court to dismiss the pending appeal of an order denying and dismissing appellant Edward Joseph Reynolds's petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2018). The State alleged that Reynolds's petition was not timely filed, although Reynolds asserted below that, under Rule 37.2(g) of our criminal-procedure rules, his petition should be deemed filed on the date that it was mailed to the circuit clerk and the trial court addressed the merits of the petition. We remanded for findings of fact because the circuit clerk was required by the Rule to include in the record a copy of the envelope in which the petition was received but failed to do so. *Reynolds v. State*, 2019 Ark. 144, 572 S.W.3d 869. The supplemental record has been lodged. We deny the State's motion because the circuit clerk did not retain the envelope in which the petition was received, and the State has failed to come forward with other facts that establish that the petition was untimely. Under the circumstances, we will presume

Reynolds's statement that the date the petition was mailed is accurate and that the petition should be deemed timely filed as of that date.

As we noted in our previous opinion, the petition was marked as filed on November 28, 2016, but Reynolds's petition included an affidavit compliant with Rule 37.2(g), which indicated that the petition had been placed in the unit's legal-mail system on July 3, 2016, a date that was well within the sixty-day time limit for filing in Rule 37.2(c)(ii). The State asserts that the Rule 37 petition did not fulfill the conditions under Rule 37.2(g) because the record did not contain postmarked documents to verify Reynolds's statement concerning the date that the petition was mailed. The supplemental record on remand confirms that no such envelope is contained in the record.

The Rule requires that the circuit clerk, not Reynolds, retain the envelope in which the Rule 37 petition was received and include a copy in the record on appeal, so the failure by the circuit clerk to retain the envelope is not sufficient to provide a basis to dismiss the appeal. The State has not come forward with other evidence that Reynolds's Rule 37.1 petition should not be deemed filed on the date that it was mailed.[1] The record and supplemental record are silent or inconclusive concerning any justifiable basis for the circuit clerk's rejecting the Rule 37.1 petition that Reynolds tendered by mail on July 3, 2016.[2]

---

[1]The State pointed to the later verification date on Reynolds's in forma pauperis affidavit as significant. However, the circuit clerk could not justifiably delay filing the tendered Rule 37 petition solely on the basis that Reynolds had not submitted his in forma pauperis petition with the Rule 37 petition. *Reynolds*, 2019 Ark. 144, 572 S.W.3d 869.

[2]The supplemental record includes as an exhibit a letter to Reynolds from the circuit clerk dated July 6, 2016. The clerk acknowledges receipt of the Rule 37.1 petition and an affidavit in support of request to proceed in forma pauperis. The letter also states that the documents are being returned and that Reynolds "must send all the required documents

Accordingly, we must assume that the Rule 37.1 petition was deemed filed on that date. *See Matar v. State*, 2017 Ark. 278 (holding that when the record is silent or inconclusive as to whether the circuit court failed to provide notice as required under Rule 37.3(d) and the State did not come forward with proof that the order was timely mailed, the court's failure to comply with the Rule will provide good cause to excuse the petitioner's failure to file a timely notice of appeal unless other circumstances establish that the petitioner was not diligent). The State's motion to dismiss is therefore denied, and in accord with our previous order, the State's brief is due thirty days from the date of this order.

Motion denied.

*Edward Joseph Reynolds*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.

---

that are necessary" before the documents could be filed. The letter does not indicate that the Rule 37.1 petition was somehow defective and is unclear concerning what Reynolds failed to provide. Another exhibit is an August 2016 letter from the judge assigned to the matter in which Reynolds is advised that a petition for relief was being returned because the prosecuting attorney was not served. There is an order in the record indicating that the prosecuting attorney had not been properly served, despite Reynolds's certificate to that effect. Some defects in service may justify delay on a *decision* on a Rule 37.1 petition but do not serve as a basis for dismissal. *See* Ark. R. Crim. P. 37.1(e).