Cite as 2019 Ark. App. 514

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-19-42

| | |
|---|---|
| | **Opinion Delivered** November 6, 2019 |
| TERRANCE BILLUPS | APPEAL FROM THE BENTON |
| APPELLANT | COUNTY CIRCUIT COURT [NO. 04CR-15-1299] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ROBIN F. GREEN, JUDGE |
| APPELLEE | |
| | REMANDED TO SUPPLEMENT THE RECORD; SUPPLEMENTAL ADDENDUM ORDERED |

## BRANDON J. HARRISON, Judge

Terrance Billups appeals the circuit court's denial of his petition for postconviction relief and its decision to do so without a hearing. We cannot reach the merits of Billups's appeal, however, and must remand for supplementation of the record and addendum.

In September 2017, Billups pled guilty to one count of attempted capital murder and two counts of aggravated assault on a family or household member. He was sentenced to an aggregate term of twenty-five years' imprisonment with an additional fifteen years' suspended imposition of sentence. The circuit court entered its sentencing order on 17 October 2017.

Billups filed in the circuit court a pro se petition for postconviction relief under Ark. R. Crim. P. 37 (2019), claiming ineffective assistance of counsel and requesting an evidentiary hearing and a new trial. Under Ark. R. Crim. P. 37.2(c)(i), Billups's petition

had to be filed within ninety days of the entry of judgment (in other words, by 15 January 2018). Billups's petition was file-marked on 24 January 2018, which was ninety-nine days after the sentencing order was entered. Without convening a hearing, the circuit court denied Billups's petition on the merits on 25 June 2018. Billups filed a notice of appeal from this order on 27 August 2018.

In January 2019, Billups filed a motion for rule on clerk and for belated appeal with the Arkansas Supreme Court. In that motion, he explained that the Benton County circuit clerk had sent the order denying his petition to the wrong prison unit, which resulted in his untimely notice of appeal. On 30 May 2019, the supreme court granted Billups's motion for rule on clerk and for belated appeal and transferred the case to this court.[1]

Jurisdiction is a matter that we are obligated to raise on our own motion. *Hayes v. State*, 2013 Ark. 450. An appeal from an order denying a petition for postconviction relief will not be allowed to proceed when the appellant could not prevail. *Justus v. State*, 2012 Ark. 91. When a Rule 37 petition is not timely filed, the circuit court lacks jurisdiction to consider the petition. *Joslin v. State*, 2015 Ark. 328. The time requirements are mandatory, and when a petition under Rule 37 is not timely filed, a circuit court shall not consider the merits of the petition. *Hendrix v. State*, 2016 Ark. 168.

Billups's Rule 37 petition was filed on 24 January 2018, which was not within ninety days of the entry of judgment. However, when Billups's pro se Rule 37 petition was filed,

---

[1]The supreme court's grant of a belated appeal stemmed from an untimely appeal of the circuit court's Rule 37 order. The jurisdictional question in this appeal, however, is whether Billups's Rule 37 petition was timely filed with the circuit court.

he was confined in a correctional facility. Rule 37.2(g), which is sometimes referred to as the prison mailbox rule, provides:

> (g) *Inmate filing.* For purposes of subsection (c) of this rule, a petition filed pro se by a person confined in a correctional or detention facility that is not timely under the provisions of subsection (c) of this rule shall be deemed filed on the date of its deposit in the facility's legal mail system if the following conditions are satisfied:
>
> (i) on the date the petition is deposited in the mail, the petitioner is confined in a state correctional facility, a federal correctional facility, or a regional or county detention facility that maintains a system designed for legal mail; and
>
> (ii) the petition is filed pro se; and
>
> (iii) the petition is deposited with first-class postage prepaid, addressed to the clerk of the circuit court; and
>
> (iv) the petition contains a notarized statement by the petitioner as follows:
>
> "**I declare under penalty of perjury:**
> **that I am incarcerated in** _____ [name of facility];
> **that I am filing this petition pro se**;
> **that the petition is being deposited in the facility's legal mail system on** _____[date];
> **that first-class postage has been prepaid; and**
> **that the petition is being mailed to** _____[list the name and address of each person served with a copy of the petition].
>
> _____
> (Signature)
> [NOTARY]"
>
> The envelope in which the petition is mailed to the circuit clerk shall be retained by the circuit clerk and included in the record of any appeal of the petition.

Billups's Rule 37 pro se petition is notarized and contains his statement that he is an inmate in the maximum security unit, that he is filing the petition pro se, that the petition is

deposited into the facility's legal mail system on 20 December 2017, that first-class postage has been prepaid, and that the petition is being mailed to the Benton County circuit clerk at the clerk's office address. December 20 was well within the ninety-day limit in Rule 37.2(c)(i).

As noted above, the rule requires the circuit clerk to retain the envelope in which the Rule 37 petition was received and to include the envelope in the record on appeal. Our supreme court has made clear that this information is necessary for any review concerning whether Rule 37.2(g) has been satisfied. *Reynolds v. State*, 2019 Ark. 144, 572 S.W.3d 869. We therefore remand for the circuit clerk to provide a supplemental record with a copy of the envelope. If the clerk has failed to retain the envelope, then the circuit court must hold a hearing to settle the record, to the extent possible, and enter an order that provides findings on the date that the petition was received by the clerk, the date of the postmark on the envelope, and the filing date of the petition. *See also Reynolds v. State*, 2019 Ark. 307, 586 S.W.3d 640 (denying State's motion to dismiss Rule 37 appeal because the circuit clerk did not retain the envelope in which the petition was received, and the State failed to come forward with other facts that established that the petition was untimely).

The supplemental record, including the transcript of any hearing conducted, is to be returned within thirty days of this order. We also order Billups to file a supplemental addendum containing the contents of the supplemental record within seven days after the supplemental record has been filed. *See* Ark. Sup. Ct. R. 4-2(b)(4).

Remanded to supplement the record; supplemental addendum ordered.

4

KLAPPENBACH and SWITZER, JJ., agree.

*Terrance Billups*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Senior Ass't Att'y Gen., for appellee.